BACK v. EMPLOYERS' LIABILITY ASSUR. CORP., Limited.

(Circuit Court, D. Oregon. May 6, 1899.)

No. 2,519.

INSURANCE—AGENCY OF SOLICITOR—EFFECT OF NOTICE TO AGENT.

One who, after he had ceased to be the regular agent for an accident insurance company, continued to solicit and procure renewals from patrons of the company whom he had previously insured, taking out a commission from the premiums paid, which renewals were accepted by the company, must be considered an agent of the company in the transactions, and not of the insured; and his knowledge of the usages of the occupation in which a person insured is shown by his application to have been engaged is binding on the company.

Action by Seid Back, as guardian of Go Won, against the Employers' Liability Assurance Corporation, Limited, to recover on a policy of accident insurance.

John H. Hall and W. T. Hume, for plaintiff.

C. E. S. Wood, for defendant.

BELLINGER, District Judge. This is an action upon an accident policy issued by the defendant company, whereby it insured a Chinaman named Go Boo for the sum of $5,000, covering a period of 12 months from April 14, 1898, against bodily injuries, etc. Go Boo was killed soon after the issuance of the policy, in an accident in the cannery of the Fidalgo Island Canning Company, at Anacortes, in the state of Washington, where he was engaged as a Chinese merchant, and superintendent of Chinese labor employed in said cannery. In the application for the policy, Go Boo described his occupation as that of an importer and dealer in Chinese merchandise, and contractor for Chinese labor. The premium paid upon this policy was $37.50. The defense is that Go Boo, at the time of the injuries from which his death resulted, was engaged in more hazardous occupation than that described in his application, to wit, the occupation of foreman of Chinese labor employed in the said cannery; and it is alleged that if the defendant had known the true facts and conditions and circumstances as to the occupation and. employment of the said Go Boo at the time of the issuance of said policy, or that said Go Boo would thereafter engage in a business other and more hazardous than that described in the application and in said policy, it would not have issued said policy of $5,000, except upon payment of a much larger premium. The plaintiff meets this defense with the contention that Go Boo at the time of his death was not engaged as foreman of the Chinese laborers employed in said cannery, and that the superintendence, so far as it went, in which he was engaged, was a part of the business described in the application on which the policy was issued, to wit, that of contractor for Chinese labor; and, further, that U. K. Arnold, through whose agency the policy was obtained, was the agent of the company issuing the policy, and knew that it was a part of Go Boo's occupation, and that he intended to act in the capacity of superintendent, foreman, or overseer in the cannery, —at least, that he was told so either by Seid Back or by the insured

himself.  The policy was a renewal of a similar policy issued by the company upon an application made through Arnold the previous year. I am of the opinion that Arnold, in the procuring of this policy, was acting as the agent of the company, and not of the insured, and that the company is bound by the knowledge which Arnold had of the usages that existed among Chinese contractors, and of the purpose of the insured to supervise the laborers employed through his agency. Arnold had been the agent of the company prior to the issuance of the first policy, and had the names of a number of Chinese patrons in his possession, from whom he solicited business after the new agent was appointed, and he acted as intermediary between the insurer and the insured in the procuring of the policies to be issued.  It was his habit to go around among these Chinese patrons and solicit their renewals,—a habit that conforms to the practice common among insurance companies of soliciting renewals of policies from their patrons.  That the company did not send around other agents or employés is probably due to the fact that Arnold acted in that capacity. His commissions for such service were paid by the company.  He testifies that he simply deducted the commissions, and took the company's receipt therefor.  Such conduct can have no other interpretation than that of a business relation between the company and the man who was thus acting.  It is undisputed that there was no special understanding between Arnold and the company, or its agent, with reference to these commissions.  The understanding was implied.  He simply withheld his commissions, as an agent may be presumed to do who has an existing business relation with the parties with whom he thus deals.  The judgment will be in favor of the plaintiff for the sum of $5,000, according to the terms of the policy in suit.