## EMPLOYERS' LIABILITY ASSUR. CORP., Limited, v. BACK.

### (Circuit Court of Appeals, Ninth Circuit. May 7, 1900.)

### No. 574.

1. ACCIDENT INSURANCE—RISK—KNOWLEDGE OF AGENT—CONSTRUCTION OF POLICY.

Where an application for insurance against accident represents the applicant as an importer and dealer in Chinese merchandise and contractor for Chinese labor, and, it is agreed in the application and policy that for any injury received in any occupation classed by the company as more hazardous than that named in the application the insured shall be entitled to recover only such amount as the premium paid would purchase at the rates fixed for such increased hazard, the fact that the insured made a full disclosure of the business in which he was engaged to the agent of the company who solicited the insurance, and that the latter had full knowledge of the increased risk when the policy was issued, will not render the company liable for more than the amount of insurance that may be purchased with the premium paid for such increased hazard.

2. SAME—RECOVERY ON POLICY.

Where, in an action on an accident policy, defendant averred in its answer that the business of foreman of Chinese labor, in which insured was engaged at the time of the accident, was classified as a special risk, and was much more dangerous than that described in the application of insured, and that the premium paid would have purchased a less amount of insurance than that agreed to be paid in the policy issued, such averments, if proved, would deprive plaintiff of his right to recover on the policy more than the amount of insurance that the premium paid would purchase in the increased risk.

In Error to the Circuit Court of the United States for the District of Oregon.

Williams, Wood & Linthicum, T. C. Van Ness, and L. A. Redman, for plaintiff in error.

John H. Hall (W. T. Hume, of counsel), for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

· ROSS, Circuit Judge. This was an action upon an accident policy of insurance issued to one Go Boo, a Chinese person, upon his application, made in writing, by the terms of which it is declared that the statements of fact contained in the application are to be considered as ,warranties. The application for the insurance, signed by the insured, contained, among others, the following declarations and provisions:

"(4) My occupation is that of an importer and dealer in Chinese merchandise and contractor for Chinese labor. (5) The class of risk under my occupation is agreed to be ordinary. (6) I understand that risks are differently classified, according to occupation; and I`agree that for any injury received in any occupation' or exposure classed by this company as more hazardous than those above stated I shall be entitled to recover only such amount as the premium paid by me would purchase at the rates fixed for such increased hazard. (7) The amount of insurance against accidental death or permanent total disablement hereby applied for is five thousand dollars. (8) The amount of weekly indemnity for totally disabling injuries hereby applied for is twenty-five dollars. (9) The premium for one year's insurance to be $37.50." "(15) I have not in contemplation any special journey or any hazardous undertaking."

The policy issued upon that application, and accepted by the. insured, upon which the present action is based, provides:

"The Employers' Liability Assurance Corporation, Limited, does hereby insure Go Boo, of Astoria, Oregon, engaged in the business or occupation of a merchant, under classification ordinary, for the term of twelve months from April 14, 1898, at noon, against bodily injuries, within the meaning of this policy, subject and according to the agreements and conditions herein contained, including those printed on the back of this policy, in the principal sum of five thousand dollars, and will pay the under-mentioned amounts," etc.

Among the agreements and conditions contained in the policy is the following:

"If the insured is injured in any occupation or exposure classed by this corporation as more hazardous than that herein given, his insurance and weekly indemnity shall be only for such amounts as the premium paid by him will purchase at the rate fixed for such increased hazard."

The complaint alleges the issuance and delivery of the policy to Go Boo, and avers that during the period covered by it, to wit, July 24, 1898, at the cannery of the Fidalgo Island Canning Company, at Anacostes, in the state of Washington, the insured was adjusting a certain windlass, which adjusted to the height of the tide a certain elevator used in the cannery for raising fish from scows to the wash room, and· had started to step away from the elevator, when, in some way unknown, the pin holding the windlass in place became loosened, and the arms of the windlass began to revolve very rapidly, striking him violently upon the shoulder and side, thereby inflicting injuries from which he died the next day. The complaint contains, also, the usual averments in respect to the payment of the premiums, proof of death, etc., about which no question is made. The defendant by its answer set up, among others, this defense: That the company undertook to and did insure the life of the said Go Boo as an importer and dealer in Chinese merchandise and contractor for Chinese labor, and not otherwise, the premium therefor being $37.50, which business, the answer alleges, "is classified and described in said policy, and is classified and known in the business of defendant, and by other firms and corporations engaged in the like business of accident insurance, as an

ordinary risk, and said premium of $37.50 is and was the regular and customary premium charged by defendant and such other firms and corporations for such insurance as is represented by and in said policy." The answer further avers that a part of the consideration for the policy sued on was the representations made by the insured in his written application therefor relative to the business or occupation in which he was engaged, and that the defendant relied wholly upon those representations, and would not have issued the policy in the sum of $5,000, except upon payment of a much larger premium, if it had known the true facts and conditions and circumstances as to the occupation and employment of the insured at the time of the issuance of the policy, or that the insured would thereafter engage in a business other and more hazardous than that described in his said application and in said policy. It is further alleged in the answer that after the issuance of the policy, and without the knowledge or consent of the defendant, the insured entered the employment of the Fidalgo Island Canning Company at Anacostes, in the state of Washington, as a foreman of Chinese laborers and as a laborer, and that while engaged in the duties and occupation of such foreman and laborer he met with the accident which resulted in his death. The answer further alleges that the occupation in which the insured was engaged at the time of the accident resulting in his death is much more dangerous than that described in the said application and policy, and that, according to the rules, customs, laws, and rates established by the defendant, and by other firms and corporations engaged in the business of accident insurance, for the government of its and their business, in force long prior to the issuance of the policy in suit, the business of a laborer or a foreman of Chinese labor was and is classified and known as a special risk, and that the premium paid by the insured, to wit, the sum of $37.50, if he had insured with the defendant, and had been described in said application and in the policy issued thereon as a foreman of Chinese labor, would have purchased from defendant insurance in the sum of $3.000, and no more, to be paid in the event of the death of the insured under the circumstances mentioned and described in the policy, to wit. as the direct result in 90 days of bodily injuries caused by external and violent and accidental means during the period covered by the policy; and it is further averred that had the defendant, its agents or employés, known at the time of the issuance of the policy in suit that it was the practice or habit or intention of the insured to engage in the occupation of a laborer or a foreman of Chinese labor, the defendant would in said policy have classified and described such occupation of the insured as special, and would have refused to insure him in any greater sum than $3,000. The answer also contains an offer to pay into court for the representatives of the insured the sum of $3,000. or to consent to judgment for that sum, but denies the right of the plaintiff to any greater amount. By an amendment to the answer the defendant set up that one Arnold solicited the insurance from the defendant for the said Go Boo, and that Arnold was his agent employed for that purpose, and that Arnold at the time well knew that the said Go Boo had been engaged, and was then engaged, and intended to continue, as an actual working overseer or foreman of

Chinese laborers at the cannery of the Fidalgo Island Canning Company, at Anacostes, Wash., and did not disclose that fact to the defendant, nor had the defendant any knowledge whatever of such fact. The averments of fact in support of these defenses were put in issue by the plaintiff's replication. By stipulation of counsel, the case was tried by the court without a jury. The court below made findings of fact, setting out the citizenship of the plaintiff; the corporate existence of the defendant; the fact of the issuance of the policy of insurance upon the written application of the insured, etc.; and that in the making of the contract of insurance in question Arnold acted as the agent of the defendant corporation, and not as the agent of the insured; and that the insured made full and complete disclosures to the defendant, through the said Arnold as its agent, of the nature and kind of business which the insured purposed to and did engage in, and in which he was employed at the time he met his death; and that on the 24th day of July, 1898, and within the period covered by the policy, the insured was injured at the place and in the manner alleged in the complaint, from which injuries he died on the day alleged; and, having further found that all the rules and regulations of the company for securing the payment of the policy were complied with, the court concluded, as a matter of law, that the plaintiff was entitled to the sum of $5,000, with interest and costs, for which judgment was awarded him. 93 Fed. 930.

We are of opinion that the fact that Arnold knew that the insured was actually engaged, or intended to engage, in the employment of foreman or overseer of the Chinese laborers working in the cannery, whether he be regarded as the agent of the defendant company or as the agent of the insured, is immaterial to the real question presented by the issues in the case. While the policy insured Go Boo in the sum of $5,000, the annual premium upon which was $37.50, as a merchant, it was clearly contemplated, both by the policy and the application upon which the policy was issued, that the insured might engage in an occupation or in occupations more hazardous than that of merchant or of contractor for Chinese labor; for in the insured's application he distinctly stated that he understood that risks are differently classified according to occupation, and he therein expressly agreed that, for any injury received in any occupation or exposure classed by the insurer as more hazardous than that given by him in his application, he should be entitled to recover only such amount as the premium paid by him would purchase at the rates fixed for such increased hazard. And the policy itself, in express terms, provides that if the insured should be injured in any occupation or exposure classed by the company as more hazardous than that specified therein, his insurance and weekly indemnity should be only for such amounts as the premium paid by him would purchase at the rate fixed for such increased hazard. In its answer the defendant company averred, as has been shown, that the occupation in which the insured was engaged at the time of the accident which resulted in his death is much more dangerous than that described in his application or in the policy, and that, according to the rules and rates established by the company and in force prior to the issuance of the policy in suit, the business of foreman

of Chinese labor was and is classified and known as a special risk, against which risk the premium paid by the insured, to wit, the sum of $37.50, would have purchased from the defendant company insurance in the sum of $3,000 only. If these averments of the answer, issue upon which was taken by the replication, are true, we think it clear that the plaintiff would only be entitled to recover upon the policy the sum of $3,000, but upon those issues the court below made no finding. For this reason the judgment must be reversed, and the cause remanded for a new trial. It is so ordered.