CURTICE *v.* WEST.

*(Supreme Court, General Term, Fifth Department.　October 19, 1888.)*

1. REFERENCE—REPORT OF REFEREE—REVIEW—CONTRACT—PERFORMANCE.
    In an action for the balance due on a contract for building a house, where defendant introduces evidence that the work was defectively done, but plaintiff introduces evidence also that there was a substantial performance, and that defendant accepted the building, the finding of a waiver by the referee is not without evidence to support it, and, it not appearing that the case contains all the evidence, cannot be disturbed.

2. SAME—ADJOURNMENT—DEATH OF WITNESS—STRIKING OUT TESTIMONY.

Where a referee adjourns the hearing of a case in the midst of the cross-examination of a witness by defendant, and it does not appear that defendant was deprived of the opportunity of completing the cross-examination if he had desired so to do, and the witness dies during the adjournment, defendant cannot complain of the refusal of the referee, on the resumption of the hearing, to strike out portions of the examination in chief, though not covered by the cross-examination.

3. EVIDENCE—RES GESTÆ.

Statements made by a subcontractor of plaintiff, in regard to the character of the work on which he was engaged, are a part of the res gestæ, and may be shown by defendant.[1]

4. SAME—PAROL EVIDENCE.

In an action on a contract, where plaintiff gives evidence that the writing purporting to contain it had been materially altered after execution, without his consent, the admission of conversations between plaintiff and defendant, in contravention of the written contract, taking place before its execution, is not error, though the referee before whom the proceeding is pending determines that the written contract was not altered as claimed.

Appeal from judgment on report of referee.

The action was brought by H. Nelson Curtice against Amara B. West to recover for materials furnished and work performed in the construction of a hotel building for the defendant. The defendant alleged that the materials were furnished and the work done under a contract which the plaintiff failed to perform; and that as a consequence he has sustained damages of $1,000, for which he demands judgment. Judgment on report for plaintiff, and defendant appeals.

Argued before HAIGHT, BRADLEY, and DWIGHT, JJ.

*Horace L. Bennett*, for appellant.    *S. D. Bentley*, for respondent.

BRADLEY, J.   In July, 1879, the parties entered into an agreement in writing by which the plaintiff agreed to erect for the defendant a hotel building in the town of Webster, N. Y., within three months, for the sum of $3,150, payable in installments,—$1,000 when the frame was erected, $1,000 when the mason work and plastering were completed, and the balance when the entire work was finished.   The defendant, as the work progressed, paid the first two installments, of $1,000 each, to the plaintiff; and on January 8, 1880, he paid him the further sum of $1,000.   The referee found that the building was substantially completed on or before the day last mentioned; that there were some slight defects in the building caused by inadvertence of the builder, but that they, and the deviations from the contract, were waived, and the building accepted by the defendant as finished, on or prior to January 8, 1880; and that the plaintiff was entitled to recover the residue of the contract price, and $205,69 for extra work, with interest from that day; and directed judgment accordingly.   The evidence on the part of the defendant tends to prove that in many respects the plaintiff had not performed the contract, and that the defects resulting from such failure are quite substantial and pervasive.   By the evidence, the conclusion apparently was warranted that the default of the plaintiff was such that he was not entitled to recover upon the contract.   The performance of the agreement on the part of the plaintiff was a condition precedent to recovery, unless such performance was waived by the defendant. In this class of cases, however, the condition precedent may not require literal performance; but when the contractor has in good faith intended to comply with his agreement, and has substantially done so, slight defects, susceptible of remedy, for which allowance may be made by way of adequate indemnity to the other party, may not be in the way of recovery upon the contract, subject to such allowance for damages.   *Woodward* v. *Fuller*, 80 N. Y. 312.

---

[1] In general, as to what declarations are admissible as part of the res gestæ, see Cook v. Pinkerton, (Ga.) 7 S. E. Rep. 171, and note; Railroad Co. v. O'Brien, 7 Sup. Ct. Rep. 118, and note; Dunbar v. McGill, (Mich.) 37 N. W. Rep. 285, and note; Railway Co. v. Mackie, (Tex.) 9 S. W. Rep. 451, and note.

There was evidence on the part of the plaintiff upon the subject, and tending to prove substantial performance within the rule before mentioned; also that some of the defects complained of in the structure were caused solely by the defective plans and specifications of the architect, which were parts of the contract; and there is some evidence bearing upon the question of waiver by the defendant of deviation from the contract, and of the defects in the work and materials. These are matters upon which there is a conflict of the evidence of the respective parties. The conclusions of fact in those respects, of the referee, not being wholly without evidence, the exceptions taken to such findings do not raise any question of law. Code Civil Proc. § 992. And as it does not appear that the case contains all the evidence bearing upon the proposition so found by him, the question whether they are against the weight of the evidence is not here for consideration, and it will be assumed that the evidence given upon the trial was sufficient to fairly support them. *Porter* v. *Smith,* 35 Hun, 118; *Spence* v. *Chambers,* 39 Hun, 193.

The same remarks are applicable to the matter of the defendant's counterclaim alleged; and in respect to that it may also be suggested that there is no request or refusal to find upon the subject. It is therefore unnecessary to refer specifically to the evidence bearing upon those questions of fact, for the purposes of this review. We have not, however, overlooked any of the evidence, or failed to appreciate the very thorough analysis made of it by the argument of the learned counsel for the defendant, which but for the proposition before stated would properly require and have a more extended expression of consideration.

The contention that recovery upon the contract cannot be supported because the action was upon the *quantum meruit* is not sustained. No such question was raised upon the trial, and it is not available when raised for the first time upon appeal. Then the cause of action alleged is not entirely remote or distinct from that on which recovery was had. It was, as alleged, for materials furnished, and work done, in the construction of a hotel for the defendant, which is the subject of the contract in question. *Southwick* v. *Bank,* 84 N. Y. 420.

The plaintiff called as a witness one Wheat, who was his subcontractor in the work of construction of the building in question, and examined him at considerable length; and, after the defendant had proceeded for some time with the cross-examination of the witness, the further cross-examination "was suspended by the adjournment of the hearing to June 12, 1882," when the hearing was resumed, and the defendant's counsel called for the witness for further cross-examination. The witness Wheat had in the mean time died. He died June 11th. The defendant's counsel thereupon moved that all of the testimony of the witness be stricken out; also that if not all be stricken out, then that certain specified portions of his evidence given upon his direct examination be stricken out. The referee thereupon did strike out certain portions of the testimony given by the witness upon his direct examination, "as to which he deemed no cross-examination had been had," which did not embrace all of that specified by the defendant's counsel in his motion, and allowed the residue to remain. Exception was taken by the defendant. The referee properly denied the motion to strike out all the evidence of the witness. The question arises upon the exception to the refusal to strike out the portions permitted to remain of those specified in the defendant's motion. The view of the referee evidently was that the cross-examination taken had relation to the subject of the portions allowed to remain of those embraced within such specifications of the evidence in chief of the witness. While this was correct as to some of it, there were other portions of it that do not seem to have been covered by the cross-examination. A party is entitled to the opportunity and benefit, upon a trial, of the cross-examination of a witness whose testimony in chief has been taken by the adverse party; and if without his fault, and for

causes beyond his control, he is denied that right, the evidence of the direct examination cannot properly be made available to the party taking it. *People* v. *Cole*, 43 N. Y. 508, affirming 2 Lans. 370. The burden was with the defendant to make it appear in the case that the motion came within the rule which made its denial error. In *Forrest* v. *Kissam*, 7 Hill, 463, reversing 25 Wend. 651, where it appeared that, at the close of the direct examination by the defendant of a witness, the further hearing was adjourned by the referees for their own accommodation to a future day, by the consent of the parties, the court held that the death in the mean time of the witness furnished no right to reject the testimony taken in chief. The reasons for the result given by the several members in the court of errors who delivered opinions in that case were not entirely in harmony, and the views of some of them went further than was necessary to support the conclusion adopted upon the facts there presented; and while those views are criticised by the court 'n *People* v. *Cole, supra,* the decision in the *Forrest Case* is not overruled. See also, *Burden* v. *Pratt,* 1 Thomp. & C. 554; *Sturm* v. *Insurance Co.*, 63 N. Y. 87; *Hewlett* v. *Wood,* 67 N. Y. 397. The adjournment must, as in *Forrest* v. *Kissam,* be deemed to have been had with the consent of the defendant, and the opportunity to cross-examine the witness lost without any fault of the plaintiff. The case before us is silent as to the circumstances attending the act of adjournment, and nothing appears showing that the defendant was deprived of the opportunity of then completing the cross-examination if he had desired to do so. And while the day to which the adjournment was taken was Monday, the day of the adjournment does not appear, but the last day of the hearing, as represented by the case, prior to that to which this adjournment was taken, was May 17, 1882. We are therefore not, otherwise than by that, advised by the record of the length of time for which the adjournment was taken. In view of the situation presented by the case, no error in the ruling of the referee upon the defendant's motion is made to appear. In the cited case of *Price* v. *Wilson,* 67 Barb. 9, the witness whose evidence in chief was stricken out, because he declined or failed to appear and submit to cross-examination, was a party defendant to the action, and his direct examination had been taken in behalf of the defense. That case is not necessarily applicable to the question presented here.

There was a large number of exceptions taken by the defendant to the exclusion and reception of evidence on the trial, some of which require attention. After making the contract before mentioned, with the defendant, the plaintiff, by an agreement of the same date with Wheat, employed the latter to do the work of construction of the building. Wheat became a subcontractor of the plaintiff to that extent, and proceeded with the work. By witnesses called on the part of the defendant, the latter offered to prove statements made by Wheat in respect to the portion of the work in which he was at the time engaged. The evidence was excluded, and exception taken. There were several such offers and rulings; and, without specifying them with particularity, we think the rulings, so far as they excluded the evidence of what he said in reference to the character of the work and materials as to which he was at the time engaged in performing and using, were erroneously made. Those statements were of such a character that it cannot be seen that the defendant may not have been prejudiced by their exclusion. They were admissible as part of the *res gestæ.* They may have been treated as characterizing the acts in which he was then engaged, and may have had some bearing on the question of good faith, which was involved in the considerations presented upon the trial, bearing upon the plaintiff's right of recovery on the contract. The plaintiff, by this contract of employment, had placed Wheat in the relation to the work which he had assumed by his contract with the defendant. This did not change his relation to the latter in respect to the work, or his responsibility for the acts of his representative, so created, in its

performance. The excluded evidence had relation to the work performed under the written contract, and to the right of action upon it, and did not relate to the extra work. There were some other exceptions taken, to the exclusion and reception of evidence, which could not prejudice the defendant except in its bearing upon the question whether or not the plaintiff was entitled to recover upon such contract. They require no consideration, because, for the reasons before given, a new trial, as relates to that branch of the recovery, must be granted. In the view taken of the case, it does not become necessary to consider the controverted question as to the kind of refrigerator, and the character and extent of the finish of the observatory, required by the plans and specifications, or the admissibility of the excluded evidence of opinions of witnesses upon that subject; as the additional expense, of doing all that the defendant claims was requisite to the performance of the contract in those respects, would be less than the amount remaining unpaid, upon such written contract, of the price for the work and materials stipulated by it. *Woodward* v. *Fuller*, 80 N. Y. 312. The plaintiff was permitted, against objection and exception of the defendant, to give evidence of a conversation said by him to have taken place between the parties shortly prior to the execution of the written agreement, to the effect that the defendant promised to give his personal supervision, care, and attention to the work as it progressed, and to relieve the plaintiff from such care, in view of the fact that it was understood that the latter would sublet the performance of the work to Wheat; also that there was some understanding then had between them as to the requisitely seasoned condition of the timber, or some portion of it, to be used in the construction of the building. These statements of the understanding between them were not in accordance with the provisions in the written contract, but may be deemed to be in contravention of its terms. This evidence was incompetent to qualify or modify the terms of the written contract, which is presumed to embrace the final consummation of the negotiation in respect to all matters embraced within its provisions; and if the existence and force of the contract, as such, may be deemed to have unquestionably been established at the time such evidence was received, its reception was error. But it may be observed that the plaintiff did not in the outset of his action proceed upon the idea that the written contract had force and validity as such, but gave evidence tending to prove that it had been rendered invalid by reason of material alterations made in it after its execution, without his consent; and that was a question pending for the consideration of the referee, at the time the evidence referred to was given, of what the plaintiff claimed was the oral understanding between him and the defendant before the written agreement was completed. In that view the reception of the evidence was not error. And the determination by the referee that the contract had not been so altered, and that it was effectual and binding between the parties to it, had relation to the effect of such evidence, rather than to its admissibility when offered and received. We are inclined to think that, in view of the result given to this review, there was no error to the prejudice of the counter-claim alleged by the defendant, and to which evidence related, in the admission or rejection of evidence on the trial. The judgment should be reversed, and a new trial granted, costs to abide the event, unless the plaintiff stipulate to deduct from the recovery $150, and interest thereon from January 8, 1880; and in that event the judgment be so modified, and, as modified, affirmed, without costs of this appeal to either party.

HAIGHT and DWIGHT, JJ., concur.