## BRINK *v.* GUARANTY MUT. ACC. ASS'N.

*(Supreme Court, General Term, Second Department.    December 10, 1889.)*

1. INSURANCE—APPLICATION—MISTAKE OF AGENT.
    Where defendant's agent, in writing for deceased an application for a policy in his company, deceased merely giving him the year in which he was born, made a miscalculation, and wrote down the wrong age, there was no misrepresentation as to his age on the part of deceased.[1]

2. SAME—REPRESENTATIONS—OCCUPATION.
    Deceased stated that his occupation was that of a "livery stable proprietor, (not working,)" and his duties "such as were required of him in that occupation." The evidence showed that he hired men to do the work around his stable, though he sometimes hitched up a horse himself, and drove persons out.    *Held,* that the statement of his duties sufficiently apprised defendant of their character, and, if anything more definite was required, it was the duty of defendant to ascertain the facts by proper inquiry.

3. SAME—HEALTH OF INSURED.
    Deceased, in his application for an accident policy, stated that he had no disease, and was not subject to fits, or any disorder which would render him liable to accidental injury.    There was evidence that he had several times been thrown from his buggy, receiving injuries, and in some instances remaining unconscious for a while; that he had once or twice fallen down without apparent cause, at such times acting strangely, trembling, etc.    Several persons, who had known him for many years, testified that he was strong and robust in health, and that they had never known of his having an ailment.    *Held,* that the weight of evidence was not in favor of deceased's having misrepresented his physical condition.

4. SAME—NOTICE—WAIVER OF OBJECTIONS.
    The policy provided that failure to give the company notice in writing of the injury within 10 days after the accident happened should invalidate all claims under the policy.    A month after the accident, plaintiff addressed a notice of the injury to defendant, who received and kept it, and afterwards defendant's secretary stated to plaintiff's agent that the notice was sufficient.    *Held,* that the notice, though not technically what the policy required, being served on and retained by defendant, further notice was waived.

Appeal from circuit court, Orange county.

Action by Hannah C. Brink against Guaranty Mutual Accident Association to recover on a certificate of membership issued by defendant to plaintiff's husband, in which plaintiff was named as beneficiary.    The application for membership stated that the applicant was 59 years old, that his occupation was "a livery stable proprietor, (not working;)" that his duties were "such as were required of him in that occupation;" that he was not suffering from any disease that would retard recovery, or be aggravated by personal injuries, and was not subject to fits, disorders of the brain, or any infirmity which would render him liable to personal injuries.    His age was not as stated in the application.    Defendant's agent had filled in his age, deceased having given him the correct year of his birth.    Deceased was a livery stable pro-

---

[1] Concerning the estoppel of insurance companies to deny liability on policies on the ground of false representations in the applications, when such applications are filled out by the company's agents, to whom the applicant has made no misrepresentation, see Bentley v. Association, 5 N. Y. Supp. 223, and note; Insurance Co. v. Barnes, (Kan.) 21 Pac. Rep. 165, and note; Pudritzky v. Knights of Honor, (Mich.) 43 N. W. Rep. 373, and note.

prietor, who superintended the business, and occasionally hitched up a horse and drove people about. There was evidence that he had several times, before making application, been thrown from a buggy and rendered unconscious for a while, and that he had several times fallen down, without apparent cause. Persons who had known him for many years testified that he was "strong, robust, and rugged in health," and that they had never known of his having any ailment. On February 25, 1889, a few days after the certificate was issued, deceased, on entering a store, tripped, and fell against the stove. The blow moved the stove a couple of inches, and left a mark on his forehead and the side of his face. He was unconscious for several minutes. After the accident, he began to grow worse, and in a few days became violent, complaining of pains in his head. On March 11, 1889, he was taken to the insane asylum, where, a few days later, he died. Two physicians testified that in their judgment death resulted from the accident. On March 25, 1888, a month after the injury was received, a letter was addressed to and received by defendant, and retained by it, in which plaintiff gave notice of the accident to deceased. Afterwards, defendant's secretary stated to plaintiff's agent that the notice was sufficient. The policy required that immediate notice of any accidental injury should be given to the company in writing, and that failure to give such notice within 10 days after the date of such injury should invalidate all claims under the policy. Judgment was entered on a verdict in favor of plaintiff for $4,122, and costs. Defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Lewis S. Burchard and James Fox, for appellant. W. F. O'Neill, for respondent.

PRATT, J. All the questions of fact in this case were properly submitted to the jury, and the issues decided in favor of the plaintiff. The verdict is amply sustained by the evidence. The first defense alleges a breach of warranty as to age, occupation, duties, and physical condition. All of these questions of fact were submitted to the jury under an unexceptionable charge, and that must be held conclusive. It is clear that there was no deception or fraud in regard to age of the insured, as the agent was informed of his true age, and made the mistake in putting it down.

What was stated as to the duties sufficiently apprised the defendant of their character; and, if anything more definite was required, it was the duty of the company to ascertain the facts by proper inquiries.

Neither is the weight of evidence in favor of the proposition that any misrepresentation was made as to physical condition. There was no dispute that the assured was injured; and the question whether the accident caused his death was decided by the jury, upon conflicting testimony, in favor of the plaintiff. The notice and proofs of injury and death, while, perhaps, not technically what were required by the policy, were served upon the company, and retained by them; and further or more definite notice and proof were waived. Keeney v. Insurance Co., 71 N. Y. 396; Brink v. Insurance Co., 80 N. Y. 108. The case of Aldrich v. Association, 21 N. E. Rep. 873, we do not regard as in point. In that case the different duties pertaining to the occupation of the assured had been classified, and the question was, under what class did the assured's occupation fall at the time of the injury? It was not claimed that there was fraud in the warranty which rendered the policy void, but it was a question as to the construction of the policy. In this case the claim was made that the warranty was false. It was, therefore, a question of fact, to be determined by the jury upon conflicting testimony. We have examined with care the very able brief of the counsel for defendant, but are unable to find in the record any errors sufficient to warrant a reversal of the judgment. It is therefore affirmed, with costs. All concur.