JOSIAH CRUDUP *et al.*, devisees of E. A. Crudup, Sr., v. J. J. THOMAS
*et al.*

(Decided April 10, 1900.)

*Sale in Bankruptcy—Purchaser of Land Under Parol Trust,
in Favor of Debtor—His Lien—Demise of the Land by
Purchaser—Transfer of Judgment by Agent—Sale of
Land by Commissioners—Termination of Lien—
Statute of Limitations.*

1. Where at a bankrupt's sale, his land is bid off by a creditor under a
   parol agreement to reconvey upon payment by the debtor of the
   price bid, and other claims and liabilities, the purchaser in effect
   becomes a mortgagee.

2. A devise by the purchaser, in these words: "I give to my beloved
   wife, Columbia Crudup, all my property of every description, to
   keep and hold together for her use and the use of my children,
   after my just debts are paid," transfers to her, as trustee, the
   property purchased, subject to the parol lien, or mortgage. This
   will is construed in *Crudup v. Holding*, 118 N. C., 222.

3. In a suit brought by the debtor against the trustee and devisees for
   a reconveyance, upon the allegation that the lien has been satis-
   fied, when a judgment is rendered ascertaining a sum certain still
   due, the lien is still in force and the land may be sold by com-
   missioners appointed for that purpose, and the judgment itself
   may be assigned by the trustee, or her agent, and the proceeds
   applied in accordance with the will.

4. The statute of limitations being usually a mixed question of law and
   fact, should be submitted to the jury.

5. The sale of the land itself, by commissioners under order of Court,
   terminates at once the interest of all parties, when the proceeds
   of sale do not exceed the judgment, and the purchaser obtains a
   clear title.

CIVIL ACTION to set aside a confirmatory decree relating to
the sale of the land, ordered in a former cause, *Archibald D.
Crudup v. Columbia Crudup,* administratrix c. t. a. of the

will of E. A. Crudup, Sr., and others devisees, and to have J. J. Thomas, the purchaser, declared a trustee for benefit of plaintiffs, tried before *Moore, J.,* at January Term, 1899, of FRANKLIN Superior Court.

There was judgment in favor of defendants, and plaintiffs appealed.

A full exposition of the case is contained in the opinion.

*Messrs. W. M. Person, Busbee,* and *Womack & Hayes,* for appellants.

*Messrs. C. M. Cooke & Co., Armistead Jones,* and *F. S. Spruill,* for appellee.

FURCHES, J.   Before the death of Edward A. Crudup, Archibald D. Crudup became a bankrupt, and a sale of his property was made by the assignee in bankruptcy, when Edward A. Crudup purchased the tract of land mentioned in the pleadings; that Edward A Crudup died in 1876, leaving a last will and testament by which he willed all his estate, real and personal, to the plaintiff Columbia J. Crudup, who is his widow, in the following language: "I give to my beloved wife, Columbia Crudup, all my property of every description to keep and hold together for her use and the use of my children, after my just debts are paid."

This will was construed in *Crudup v. Holding,* 118 N. C., 222, where it was held that Mrs. Crudup holds this estate during her lifetime as trustee for her own use and the use of the testator's children, and that she has no power to sell and convey the same.

After the death of the testator, A. D. Crudup brought suit against the heirs of E. A. Crudup, in which he alleged that the testator, E. A. Crudup, bought said land for him, and was to convey the same upon the said A. D. Crudup's paying

him the purchase money, and asked to have the defendant
declared trustee of said land, and for a reconveyance upon
his paying the purchase price for which the said E. A.
Crudup purchased the same at the bankrupt sale.    The
defendant Columbia was not made a party to this action, and
the defendants demurred upon that ground, and she was
ordered to be made a party defendant.    Summons was issued
and served upon her, and Joseph J. Davis and C. M. Cooke,
attorneys practicing in Franklin Superior Court, after this,
appeared as the attorneys of all the defendants, and filed an
answer for all of them.    The defendants in that action denied
that the said E. A. Crudup bought said land for the plaintiff,
and denied that the said Edward held said land in trust, as
alleged in the complaint.    But they further alleged that if
he did, they were only to reconvey upon the plaintiff A. D.
Crudup's paying the purchase price and other indebtedness
due the said E. A. Crudup, and some liabilities for which the
said Edward was bound to pay for the said Archibald.    Upon
this state of the pleadings, the case went to trial, when it was
found that the said Edward did purchase said land under a
parol trust for the plaintiff Archibald; but that the said
Archibald was not to have a reconveyance of said land until
he repaid the purchase money, the amounts that he owed
the said Edward, and the amounts for which the said Edward
was liable as his surety.    The case was then referred to
Robert W. Winston to take and state an account of said debts
and liabilities, which he did, and found them to amount to
$2,400.    This report was confirmed and judgment entered
for the defendants against the plaintiff Archibald for $2,400
and costs, including an allowance to the referee, making the
whole amount of the judgment (including costs) $2,848.75,
at January Term, 1883.    The land was adjudged to be a
security for the payment of this judgment, and the plaintiff

CRUDUP *v.* THOMAS.

Archibald was given until August to pay the same. But it was further provided that if said judgment was not paid by that time, Joseph B. Batchelor and Joseph J. Davis were appointed commissioners to sell the same and apply the proceeds to the payment of the judgment.

On May 5, 1883, this judgment was assigned to the defendant Thomas by C. J. Crudup, administratrix, by her son E. A. Crudup; and the same not being satisfied by Archibald, the commissioners,Batchelor and Davis, sold the land,when it was bid off by the defendant Thomas at the sum of $2,848.75, this being the amount of the judgment. And it appearing to them that the amount of the bid had been paid to them and to E. A. Crudup as agent of C. J. Crudup, the commissioners made a deed for said land.

Fourteen hundred dollars of the $2,848.75 was paid to Edward A. Crudup in supplies, such as corn, flour, bacon and other articles, and the balance was paid in checks drawn on the defendant by the said E. A. Crudup, and by the commissioners, Batchelor and Davis.

But Mrs. Crudup denied that she had assigned the judgment, or that she had authorized her son, Edward, or anyone else to do so—denied that she had the right to do so under her husband's will—denied that she had bought the supplies from the defendant, or that her son Edward had done so—denied that she or her children had ever been served with process in the action of said Archibald Crudup to declare the parol trust, and denied that she authorized or employed any attorney to represent her or her children in said suit, and denied that she was appointed guardian *ad litem* of the infant defendants, or that she was ever served with any summons as such guardian, or that she defended such action as guardian *ad litem*.

These matters were all submitted to the jury, and found against the plaintiffs. It was shown that there was an order

making Mrs. Crudup a party defendant, and appointing her guardian *ad litem* of the infant defendants, and that she and they had been served with process. And the jury found that Edward A. Crudup, her oldest son, who was of age, was her agent and manager of her farm; and as such was authorized to buy supplies to run the farm; that he did buy the supplies, charged to him by the defendant Thomas, which were a part of the consideration paid for the $2,848.75 judgment, and that they were used on Mrs. Crudup's farm; and the rest of the purchase money, not paid to the commissioners Batchelor and Davis, was paid to the agent E. A. Crudup, and used by him for the purpose of cultivating the Crudup farm, and repairing the "Crudup mill."

And as it appears to us that there was testimony upon which these findings might be made, and as we see no error in the Court in submitting them to the jury, it seems to us that this substantially ends the case.

It was contended by plaintiffs that if Edward was Mrs. Crudup's agent to buy supplies, and run the farm, and repair the mill, that this did not authorize him to assign the judgment to the defendant. This seems to us to be a correct proposition of law, and if the case stood alone upon this, our opinion would be with the plaintiffs. But the will of Dr. Crudup gave his whole estate to the plaintiff Columbia for life, to be held and used by *her* for her benefit, and for the benefit of the other plaintiffs, who are the children of the testator. And she, through her son and agent, E. A. Crudup, collected the last dollar of this judgment, and these collections were used for the benefit of Mrs. Crudup and her children, in working their land and improving their property.

As the action of Archibald D. Crudup established the fact that the testator purchased and held said land under a parol

trust, first, to pay him what he paid for the land and what Archibald owed him, and what he was bound for as surety of Archibald, and then for Archibald, he only held this land as security for these amounts. He had the legal title, but he held in trust to pay these debts, and the residue for the said Archibald.

The only beneficial interest the testator ever had in these lands was the security they afforded him for his debts and liabilities. His interest was substantially that of a mortgagee, and the amount of the purchase money and the debts due him, and the debts for which he was surety and liable for, were all that he could ever get out of the land. And the plaintiffs under the will of E. A. Crudup took it subject to the conditions that the testator held it. It was in fact but a debt of $2,400 that Archibald owed to the testator, and the land was but security. This being so, it was the duty of the executrix to collect this debt, which she did through her son and agent, and her attorney, Davis. And the matter of assignment of the judgment, whether authorized or not, does not affect this case as to its merits or as to its legal effect. This being so, there is no force in the argument that Mrs. Crudup could not assign the judgment, nor in the argument that her son was not authorized to assign it as her agent. She was authorized to collect it, in person, or by her agent and attorney. This we have seen she did, and that should have ended her claim to the judgment and to the land.

We could not agree with his Honor as to his ruling upon the statute of limitations, as we think from the evidence this question should have been submitted to a jury—it being a mixed question of law and fact, and the evidence being to some extent in conflict, or uncertain, as to whether it established the fact claimed by the defendant, or not. We think the better rule is in all cases where there is any apparent con-

MOTLEY *v.* FINISHING CO.

flict in the evidence, or where there may be reasonable doubts as to its meaning, to submit the matter to the jury. But in this case it could not have affected the rights of the defendants, if it had been found that it did not bar the plaintiff's action.

The case of *Crudup v. Holding, supra,* is no authority for the plaintiffs in this case, as it does not prevent the executrix from collecting the debts due her testator's estate, and using the proceeds for the benefit of herself and the testator's children, in working her land or in improving the same.

The judgment must be

Affirmed.

CLARK, J., did not sit on the hearing of this appeal.