## Railway Officials and Employes' Accident Ass'n v. Hattie Bradley.

1. FRATERNAL INSURANCE—*Different Classifications.*—A person in a certain occupation was insured in a fraternal insurance association for the sum of $5,000, under a peculiar classification providing that in case he was injured or killed while engaged temporarily or otherwise in any occupation or work not classified, his indemnity or death benefit should be rated on the basis of the most hazardous occupation mentioned in

356    APPELLATE COURTS OF ILLINOIS.

VOL. 97.]    Ry. Officials & Employes' Accident Ass'n v. Bradley.

the classification of risks. While engaged in an occupation classified as more hazardous than that in which he was engaged, at the time of the issuance of the policy, he received injuries causing his death. *It was held*, that his beneficiary was entitled under the policy only to the amount of indemnity rated according to the classification of the occupation in which he was engaged at the time of his injury.

**Assumpsit**, on a policy of accident insurance. Appeal from the Circuit Court of Jackson County; the Hon. OLIVER A. HARKER, Judge, presiding. Heard in this court at the February term, 1901. Reversed and remanded. Opinion filed September 4, 1901.

GUILFORD A. DEITCH and YOUNGBLOOD & BARR, attorneys for appellant.

L. M. BRADLEY and W. A. SCHWARTZ, attorneys for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of assumpsit, in the Circuit Court of Jackson County, by appellee against appellant, to recover a "death loss" on an accident insurance policy. Trial by jury. Verdict and judgment in favor of appellee for $5,096.35.

The declaration consists of a special count setting up the policy sued on, *in haec verba*, and of the common counts. The policy discloses that appellee's husband was insured in the principal sum of $5,000, as "a passenger conductor under classification P. B.," and that the insurance extended only to physical bodily injury, through external, violent and accidental means, resulting in disability or death. In case of certain specified disability the indemnity provided is a specified sum per week for fifty-two weeks. In case of certain injuries the indemnity provided is a specified portion of the principal sum named in the policy. And in case of other injuries named, and of a "death loss," the policy provides for the payment of the whole of the principal sum. The policy also provides:

"The principal sum and weekly indemnity is not forfeited by the insured engaging in occupation or by exposure to and risk rated by this association as more hazardous than that specified in this policy of insurance, but should the

insured be fatally injured or wholly disabled while engaged temporarily or otherwise in any occupation or work classified by this association as more hazardous than that under which this policy is issued, or while doing any part of the work of any one so classified, or exposed to any risk rated by the association as more hazardous than the occupation herein named, said member, or his beneficiary, as the case may be, shall be entitled only to the indemnity or death loss as rated by the association in its classified tables for such increased hazard as his payment would have secured in such more hazardous occupation, work or exposure; * * * The classification of the risks of the association are made part of this contract. If the insured is injured or killed while engaged temporarily or otherwise in any occupation or work not classified by this association, his indemnity or death benefit shall be rated as on the basis of the most hazardous occupation mentioned in the classification of risks of the association."

To this declaration appellant pleaded the general issue, and a special plea, setting up the provision of the policy above quoted, and averring that at the time deceased received the injuries from which he died, he was engaged in the occupation of conductor on a mixed train, composed of passenger and freight cars, and in the work of coupling and switching cars in connection with such train; that the occupation of conductor of such mixed train is classified by the association as more hazardous than the occupation of passenger conductor, and further averring that the payments made by deceased would have secured, in the occupation in which he received the injuries causing his death, the sum of $1,666.66.

Upon the trial it was stipulated that deceased was insured under the occupation of passenger conductor for $5,000, and that the policy was in full force and effect at the time of his death; that he came to his death by external, violent and accidental means; that satisfactory proof of death was made; that appellant denied its liability in any sum in excess of $1,666.67, and immediately upon the death paid appellee $200 on account of the sum due on the policy and thereafter sent her a draft for $1,466.67, which appellant claimed to be in full of balance due, but which appellee

358     Appellate Courts of Illinois.

Vol. 97.]    Ry. Officials & Employes' Accident Ass'n v. Bradley.

refused to accept. It is also a part of said stipulation that appellant does not admit that deceased was at the time of his death employed as a passenger conductor, or doing the work or service pertaining to the occupation of a passenger conductor, and that all facts not admitted in said stipulation are to be proven on the trial.

The only controlling question of fact in the case really contested before the jury was as to whether, at the time deceased received the injury which caused his death, he was engaged "temporarily or otherwise" in doing work pertaining to the occupation of passenger conductor or that of conductor of a mixed train composed of both passenger and freight cars. To our minds the weight of the evidence is so manifestly against the verdict as to make it apparent that the jury was influenced by prejudice, passion or mistake.

Appellee's counsel contend that appellant is concluded by the stipulation, and say that appellant has agreed in the stipulation that deceased "was insured under the occupation of passenger conductor for $5,000, and that said policy was in full force and effect at the time of his death. It was not agreed that it was partly in force, nor that it was simply in force, but that it was in full force and effect at the time of the death." True, the policy was and is in full force and effect, but the amount of liability, as expressed by the plain terms of the policy, depends upon the facts. Under certain states of fact the liability would be $35 per week, under others one-half the principal sum, under still others the whole principal sum of $5,000, while under the facts set up in the plea the liability would be only the sum of $1,666.67.

It is further contended that after appellant had received proofs of death, it promised to pay the claim, and thereby bound itself. This contention is based upon the following letter :

"Indianapolis, Ind., January 20th, 1899.
Mrs. Hattie Bradley, 570 Lincoln Ave., Chicago, Ill.

Dear Madam :—We have your favor of 14th inquiring with reference to the settlement of your claim with our

company. The proofs were received in our office on the 23d day of December and our contract calls for a settlement within ninety days from that date, and the settlement in accordance with the contract will be made within the time specified, of which you will be advised."

A reading of this letter discloses that the only promise by appellant is to settle in accordance with the contract. The terms of the contract are as above in this opinion stated, and the provision that "should the insured be fatally injured * * * while engaged, temporarily or otherwise, in any occupation or work classified by this association as more hazardous than that under which this policy is issued, or while doing any part of the work of any one so classified, or while exposed to any risk rated by this association as more hazardous than the occupation herein named, said member or his beneficiary, as the case may be, shall be entitled only to indemnity or death loss as rated by the association in its classified tables for such increased hazard as his payments would have secured in such more hazardous occupation, work or exposure," is as much within the terms of the contract, as are the provisions relied on by appellee. There is here no such promise to pay under any particular clause of the contract as will bar appellant from showing that its liability is under the clause set up in this plea, and not under the clause relied on by appellee.

It does not appear to us that there is any principle of forfeiture involved in this case, and so we deem the authorities cited in that connection not applicable. The deceased was as clearly insured while engaged or working as conductor of a mixed train, as while engaged or working as conductor of a passenger train, the difference being that in the less hazardous occupation the amount of indemnity was more, while in the more hazardous occupation it was less.

The judgment of the Circuit Court is reversed and the cause remanded.