## FRED W. ESTABROOKS' ADMRS. *v.* UNION CASUALTY AND SURETY COMPANY.

May Term, 1902.

Present: ROWELL, C. J., MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed August 25, 1902.

*Accident insurance—Change of occupation.*

One insured against accidents as proprietor of a grist mill, who goes to a farm to assist, temporarily, by overseeing the work of haying, and who is injured while riding a horse rake under cover to get it out of the rain, receives his injury in an occupation other than that for which he is insured.

GENERAL ASSUMPSIT on an accident insurance policy. Pleas, the general issue and three special pleas in bar. Replication traversing the pleas. Heard on an agreed statement of facts at the December Term, 1901, Caledonia County, *Munson, J.,* presiding. Judgment, *pro forma,* for the plaintiff. The defendant excepted.

*Edward H. Deavitt* for the defendant.

The policy contained a stipulation that if the insured was injured in an occupation classed by the company as more hazardous than the one stated, the liability should be for the amount which the premium would purchase for the increased hazard. The occupation of farmer and farm laborer was classed as a more hazardous one than proprietor of a grist mill.

This is not a case where the insured was engaged in an occupation incident to his regular one. Farming was not incidental to the insured's regular business. The insured had laid aside his regular occupation and adopted that of his father for the time being. This amounts to a change of occupation. *Aldrich* v. *Association,* 149 Mass. 457; *Ins. Co.* v. *Martin,* 133

Ind. 376; *Cram* v. *Association,* 58 Hun. 11; *Ins. Co.* v. *Taylor,.* 34 S. W. 781; *Assurance Co.* v. *Bach,* 102 Fed. 229; *Association* v. *Hilton,* 61 Ill. Ap. 100.

*Dunnett & Slack* for the plaintiff.

The insured did not become by "occupation" a farmer or farm laborer.  *Stone* v. *Casualty Co.* 34 N. J. L. 371; *Ins. Co.* v. *Burroughs,* 69 Penn. 43; *Hoffman* v. *Ins. Co.,* 37 S. E. 466;. *Association* v. *Kelsey,* 46 Ill. Ap. 371; *Baldwin* v. *Association,.* 21 N. Y. Mis. 124; *Accident Co.* v. *Sibley,* 57 Ill. Ap. 315; *Halliday* v. *Association,* 103 Iowa 178; *Ins. Co.* v. *Franklin,.* 43 S. E. 709; *Association* v. *Frohard,* 25 N. E. 642.

MUNSON, J. The plaintiff was insured as "Proprietor of a grist-mill—supervision only," an occupation classed as preferred. The policy provided that in case of an injury received in any occupation or exposure classed as more hazardous than preferred, the insured should recover only such amount as the premium paid would have purchased at the rates fixed for such increased hazard. Among the occupations classed as more hazardous was that of "farmer and farm laborer."

On the eighth day of July, the plaintiff went to his father's farm in Danville, to assist temporarily, during the absence or disability of his father, in overseeing the work of haying, then being carried on by hired help. On the following day a shower came up, and the plaintiff jumped onto a horse-rake, and started hastily to drive it under cover, and was injured in so doing. The case finds that the work being performed by plaintiff at the immediate time of his injury was work ordinarily performed by a farmer and farm laborer.

It is doubtless true that individual acts outside the stated occupation do not constitute a change of employment within the meaning of the provision above recited. Such a provision may well be construed to permit the occasional doing of the various acts of recreation, exercise, accommodation and duty

which are recognized as proper incidents in the lives of men of all occupations. The merchant spends a day in hunting; the agriculturist acts as superintendent of police at a fair; the teacher looks after the workmen who are building his barn; the manufacturer, visiting a relative, assists in loading hay; the farmer goes to the rescue of a ship-wrecked crew; the supervising farmer repairs a bridge upon his own land; and these things are held not to constitute a change of occupation. *Union Mutual etc.* v. *Frohard,* 134 Ill. 228, 25 N. E. 642, 10 L. R. A. 383; *Travellers Preferred etc.* v. *Kelsey,* 46 Ill. App. 371; *Stone* v. *U. S. Casualty Co.,* 34 N. J. L. 371; *North American etc.* v. *Burroughs,* 69 Pa. St. 43, 8 Am. Rep. 212; *Tucker* v. *Mutual Benefit etc.,* 50 Hun. 50; *National Accident etc.* v. *Taylor,* 42 Ill. App. 97.

But we think the work in which the plaintiff was engaged at the time of his injury cannot be treated as incidental and occasional within the meaning of these decisions. His was not the case of a visiting relative who rides the horse-rake or throws on a load of hay by way of amusement, exercise or accommodation. He went to take his father's place because of his father's disability, and presumably would have continued in that place until the haying was done, if he had remained uninjured and his father's disability had continued so long. The work undertaken was not the doing of a single act nor the rendering of occasional assistance. It was the continuous performance of the series of acts which constitute the occupation of the haying season. In thus taking his father's place, he assumed for the time being his father's occupation, and brought himself within the clause under consideration. It cannot reasonably be said that the company assumed the hazard of this work at the premium charged for the lesser risk.

We reach this conclusion without considering the meaning of the term "exposure," or giving any effect to it.

*Pro forma judgment reversed, and judgment that defendant recover its costs after tender.*