## PROPER CONSTRUCTION OF REPRESENTATIONS DESCRIPTIVE OF OCCUPATION.

Court of Appeals for Darke County.

AMERICAN FIDELITY COMPANY· v. MAGGIE A. PATTY. *

Decided, January 6, 1913.

*Accident Insurance—Stipulations of Policy With Reference to Hazards of Different Classifications—Overlapping of Occupations and Isolated Acts Involving Greater Hazard.*

In the absence from a policy of accident insurance of an exception based on specific acts, an isolated act by the insured commonly connected with a more dangerous occupation than that named in the application for insurance does not reduce the amount of the policy to the basis of the more hazardous risk.

*Dale & Kusworm,* for plaintiff in error.
*Bickel & Baker,* contra.

ALLREAD, J.; FERNEDING, J., and KUNKLE, J., concur.

The original action was brought by the beneficiary upon a policy of insurance issued to one W. O. Patty, insuring against loss of life from bodily injury caused by external, violent or accidental means. It is averred that the assured while in the performance of the duties of his occupation as set out in said policy fell from a moving car and was fatally injured.

A number of defenses are set forth in the answer. These defenses, excepting the first, relate to a claim of the insurance company that Patty, at the time of his injury, was engaged in an extra hazardous occupation which by virtue of the policy itself reduced the claim to the sum of $300.

The case was tried before the court and a jury and resulted in a verdict and judgment in favor of the plaintiff for $6,000, the full amount of the policy. Motion for a new trial was overruled and the case was brought here upon petition in error.

The defense rests upon the following representation in the application and made a part of the policy, to-wit:

*Writ of *certiorari* applied for and refused by the Supreme Court.

''The duties of my occupation are as follows: secretary and manager, office duties and superintendent. No manual labor.''

And also upon the following condition in the policy:

''If the insured is injured fatally or non-fatally while engaged in an occupation or employment, classed by the company as more hazardous than that written in the application for this policy, the company's liability shall be only for such amount as the premium paid by him will produce at the rate fixed for such increased hazard in the manual of the company.''

The evidence shows that W. O. Patty, the assured, was a member of a partnershp engaged in mining, washing and shipping gravel and while so engaged, in an emergency as an isolated act, he boarded a small dump car for the purpose of braking it as it descended to the hopper, fell and was injured. The evidence as to these facts is not conflicting, but all the evidence tends to support the facts as stated.

The controversy, is largely, if not wholly, a question of law.

Counsel for the insurance company contend that the company is not liable for the full amount of the policy, but only for the amount provided for in the exception for the extra hazardous occupation. Counsel for the plaintiff below contends that the company is liable for the full amount although the injury grew out of an isolated act involving a more hazardous occupation. The controversy must be determined from the language employed in respect to the occupation and in connection with the general scope and purpose of the insurance contract.

The representations of the assured as to the duties of his occupation were undoubtedly material and a controlling element in the contract of insurance. The condition above recited may be construed as an exception. It was undoubtedly the main purpose of both parties to the insurance contract to stipulate for the full amount of insurance, and that the reduced amount should apply only in the special cases specified in the exception.

In reading and construing the so-called exception, we are justified in following the principle announced by Spear, J., in the case of *The U. S. Mutual Accident Association* v. *Hubbel*, 56 O. S., 516, 527, as follows:

"But it must be borne in mind that language of exceptions in such policies limiting the liability of the company are to be construed favorably to the insured and doubts and ambiguities resolved against the insurer."

The representation of the assured's occupation should not be construed as an absolute guarantee by the assured that "no manual labor" would be performed. In the very nature of occupational insurance such a construction would limit the scope of the policy to a very narrow range. This representation is merely descriptive of the occupation and should be construed with the condition above quoted which contains the stipulation controlling the liability and reducing the amount. The exception is based upon occupation rather than upon single acts involving hazard.

This is an important distinction to be kept in mind in reviewing and harmonizing the decisions upon this subject.

The exception under consideration is limited to cases where the insured is injured "while engaged in the occupation or employment classed by the company as more hazardous than that written in the application for this policy." To reduce the company's liability to the smaller sum the insurance company contends that the company's liability is graduated by the hazard and fixed by the classification as applied to the occupation of an ordinary brakeman.

A single act does not determine an occupation. Occupations often overlap and a person clearly within a certain occupation is sometimes called upon in an emergency to perform an act naturally appertaining to a different occupation. Yet in common parlance, the person exercising the isolated act does not change his occupation. The application in the case under consideration notified the insurance company that W. O. Patty was a member of the firm operating this plant, and that in addition to office duties he was superintendent of the plant. It would only be reasonable to assume that while his occupation did not call for manual labor, yet more or less manual labor in connection with the management of the plant would be expected of its superintendent in cases of emergency.

In the case of *The Union Mutual Accident Association* v. *Frohard,* 134 Ill., pages 228, 234, this definition is found:

"The word occupation as found in these by-laws, must be held to have reference to the vocation, profession, trade or calling which the assured is engaged in for hire or for profit, but not as precluding him from the performance of acts and duties which are simply incidents connected with the daily life of men in any or all occupations, or from engaging in mere acts of exercise, diversion or recreation."

In *Hess* v. *Preferred Masonic Mutual Accident Association of America,* 112 Mich., 96, it is held:

"A provision in an accident policy that it shall be void as to all accidents occurring to the insured when engaged in any profession, employment or exposure not rated as preferred, does not apply to the casual performance of an act pertaining to an accepted risk if in the particular case it pertains incidentally to the regular employment of the insured."

*Niblack on Accident Insurance,* Section 409, holds: .

"A change of occupation means an engaging in another employment as a usual business. It does not apply to temporary employment during leisure hours, to acts done outside of one's usual and ordinary business, or the casual employment in a different business."

We find the same principle maintained by the following cases cited by counsel for plaintiff below: *Administrator of Stone* v. *Casualty Company,* 34 N. J. Law, 371; *N. A. Life Insurance Company* v. *Burroughs,* 69 Penn. State, 43; *Tucker* v. *Insurance Company,* 50 Hun., 50; *Berliner* v. *Travelers Insurance Co.,* 121 Cal., 458; *Standard Life Insurance Co.* v. *Fraiser,* 76 Fed., 705; *Brink* v. *Guarantee Mutual Accident Association,* 55 Hun., 606; *Johnson* v. *London Guarantee Company,* 115 Mich., 86; *Kentucky Life & Accident Insurance Association* v. *Franklin,* 102 Ky., 512; *Wildey Casualty Company* v. *Shepard,* 61 Kans., 351; *Schmidt* v. *American Casualty Accident Association,* 96 Wis., 304; *Holliday* v. *American Mutual Accident Association,* 103 Ia., 178; *Huffman* v. *Standard Life & Accident Company,* 126 N. C., 337.

The cases chiefly relied upon by counsel for plaintiff in error are founded upon exceptions which are specific as to the act from which the injury resulted. The exception in those cases relates not merely to the occupation but to the classification of the particular act or hazard from which the injury resulted.

Counsel for plaintiff in error especially rely upon the unreported case of *Gotfredson* v. *German Commercial Accident Company*, tried before Judge Angel of the United States District Court of Michigan in 1912, wherein there was an instructed verdict for the insurance company upon the basis of an extra hazardous risk.

The application contained the following statement:

"My occupation and duties are fully described as follows; proprietor; no manual labor."

The exception clause of the policy was as follows:

"If the assured is injured after having changed his occupation for one classified by the company as more dangerous than that herein stated or is injured while doing any act or thing pertaining to any more hazardous occupation, the liability for any loss specified shall be such an amount as the premium paid by him will purchase at the rate fixed by this company for such more hazardous occupation."

An examination of this exception clause will disclose that it is based not only upon a change of occupation, but also upon the "doing any act or thing pertaining to any more hazardous occupation." This is, in our opinion, a clear distinction between that case and the one at bar wherein the exception is based upon occupation and not upon specific acts. We have examined the following cases cited by counsel for plaintiff in error. *Lane* v. *Insurance Company*, 113 Southwestern, 324; *Moody* v. *National Masonic Accident Association*, 92 Northwest, 613; *Eggenberger* v. *Guarantee Mutual Accident Association*, 41 Fed., 172; *Metropolitan Accident Association* v. *Hilton*, 61 Ill. App., 100; *Railway Officials & Employees Accident Association* v. *Bradley*, 97 Ill. App., 355; *Loesch* v. *Union Casualty Co.*, 176 Mo., 654.

These cases have a stipulation or exception very similar to the one involved in the Gotfredson case.

We have examined the other citations made by counsel for plaintiff in error and we find that most, if not all of them, are cases where there was an actual change of occupation, and not involving isolated acts. See *Standard Life & Accident Insurance Co.* v. *Cartoll*, 86 Fed., 567; *Employers Liability Co.* v. *Back*, 102 Fed., 229; *Aldrich* v. *Mercantile Accident Association*, 149 Mass., 457.

In *Thomas* v. *Masonic Fraternal Accident Association*, 64 App. Div. (N. Y.), 22, the exception related to injury in any occupation, temporary or otherwise, involving extra hazard as classified. The exception was held to apply to the case of a lawyer injured while engaged in hunting.

In *Estabrook* v. *Union Casualty & Surety Co.*, 74 Vt., 473 (52 Atl., 1048), the assured classified as "proprietor of gist mill, supervision only" was injured while using a hay rake upon his father's farm. *Held*: Liability reduced to basis of more hazardous occupation, but distinguishing the case upon the ground that the assured's temporary occupation was not incidental to that represented in the policy.

In *Knapp* v. *Preferred Mutual Accident Association*, 53 Hun., (N. Y.), 84, the operation of the buzz saw, which occasioned the injury, was not a mere isolated or emergency act, but more or less a feature of the assured's occupation.

So far as we have been able to ascertain there are no cases except the Thomas and Estabrook cases where it is held that an isolated act involving a more hazardous occupation reduced the amount of the policy to the basis of the extra hazardous risk in the absence of an exception based upon specific acts.

We, therefore, hold that the engaging by the assured in an isolated act outside of his represented occupational duties, but incidental thereto, does not violate his policy nor under the general terms of his policy reduce the company's liability to that based upon a more hazardous occupation.

It follows that the trial court correctly instructed the jury as to the basis of liability, and that the evidence justified recovery of the full amount of the policy.

There is an objection to the charge of the court as to the burden of proof. We are inclined to think that this charge is in harmony with the opinion of Judge Spear in the Hubbel case above cited. Still if the charge as to the burden of proof is erroneous, we would be required to ignore it under Section 11364, and sustain the verdict and judgment because in harmony with the substantial justice of the case. We are greatly indebted to counsel for the able presentation of the questions represented by the record and the thorough research and review of the many authorities bearing upon the law of the case.

The judgment of the court of common pleas will, therefore, be affirmed.