Roswell Miller and others *vs.* Travelers' Insurance Company.

### December 27, 1888.

**Accident Insurance—Injury from Excepted Risk.**—A policy of accident insurance contained the express condition that it should not cover accidents, injuries, or death from trying to enter a moving steam-vehicle, this provision not being applicable to railway employes. The assured, a banker, was killed while attempting to get on a moving railway train. *Held*, that the company were not liable.

**Same—Construction of Policy.**—A provision of the policy limiting the liability of the company to a less sum than that named in the policy, if the assured should be injured in any occupation or exposure classed as more hazardous than that specified in the policy, *held*, not to affect the case.

The plaintiffs, who are heirs of James C. Miller, deceased, brought this action in the district court for Hennepin county, to recover upon a policy of insurance issued by the defendant to the deceased, and payable to "his legal heirs." Upon the trial before *Hicks*, J., and a jury, the action was dismissed on defendant's motion. Plaintiffs appeal from an order refusing a new trial.

*J. C. Worrall* and *R. G. Evans*, for appellants.

*W. D. Cornish*, for respondent.

Dickinson, J. This action is for the recovery of the amount of a policy of insurance, whereby, in consideration of $20 premium paid,

the defendant insured one James C. Miller in the sum of $5,000 against death from accident. It appeared from the case presented at the trial on the part of the plaintiffs, that Miller, in company with another man, attempted to get upon a railway train in motion, just after it had started from the railway station at St. Paul, going to Minneapolis. The train was moving at the rate of about four miles an hour. The two men attempted at once to get on the train, at the forward end of the mail or baggage car, next to the engine. Miller, after having seized the rail upon the platform of the car, from some cause failed to secure a footing upon the car, his movements probably being interfered with by the efforts of his companion to get upon the car at the same time. He fell off, was struck by the oil box outside of the wheels of the moving car, which resulted in his body being brought under the truck of the car, and he was killed.

The defendant classified such insurance risks with regard to the hazard attending the occupation of the assured. Miller was a banker, one of the least hazardous kinds of occupation, and he was insured as such, the risk being classified in the policy as *select*. In the body of the policy, following the agreement to make payment in case of injury causing disability or death, is the following language: "Except that, if injured in any occupation or exposure classed by this company as more hazardous than that here given, his insurance and weekly indemnity shall be whatever the premiums paid by him will purchase at the rates fixed for such increased hazard." By the terms of the policy the agreement was made and accepted subject to the conditions appearing on the back thereof, among which was the following: "This insurance does not cover  *  *  *  accident, nor death or injury, resulting wholly or partly, directly or indirectly, from any of the following causes, or while so engaged or affected:  *  *  * Entering, or trying to enter, or leaving a moving steam-vehicle.  *  *  *  (This clause does not affect railway employes.)" The court dismissed the action for the insufficiency of the plaintiffs' case. In our opinion this was right. It is certain that the assured was killed in an attempt to enter or get upon a moving steam-vehicle, and that the accident and death are referable directly to that as the cause. It is distinctly expressed in the policy that the insurance shall not

cover such a case, (this condition. being, however, inapplicable to railway employes.) There can be no question that such an agreed condition in respect to a specified danger of that kind was valid, and was a part of the contract. The danger, whatever may have been the extent of it, was voluntarily incurred, and upon the plainest construction of the policy the resulting accident was not within this contract of insurance.

The appellants claim that by force of the language of the policy first above recited, limiting the liability of the company if the assured should be injured in any occupation or exposure more hazardous than that in which he was classed in the policy, a recovery should be allowed of such sum as the premium paid by this assured, $20, would have purchased as insurance as to one whose proper business it would be to get on or off moving railroad trains; for example, a railroad conductor, as to whom, under a policy like that in question, the condition respecting accidents from that cause would not be applicable. This is not a reasonable construction of this contract. The terms "occupation or exposure classed by this company as more hazardous," etc., refer, as we understand, to distinct classified occupations or employments, such as railroad conductors, railroad brakemen, railroad engineers, blacksmiths, carpenters, etc. To bring a case within the provision limiting the liability of the company to a less amount than that named in the policy, the assured must be within one of such classes; that is, engaged in one of the more hazardous occupations. Such a case would, perhaps, be presented, if one insured as belonging to a non-hazardous class, as a banker, were to become, during the term of the policy, engaged in a more dangerous class of employment, as that of a railroad conductor, and were to suffer injury in the course of that employment. This is not such a case. The assured was not a railway conductor or employe, with the skill, judgment, and experience which one in that occupation may be presumed to have acquired, and which might enable him to get upon a moving train with safety, when one unaccustomed to such things might incur great danger in doing so. The construction which the appellants would have us put upon this provision would render of no effect the more plain condition of this contract, that "this insurance does not

cover accident, nor death or injury, resulting * * * from * * * entering, or trying to enter, or leaving, a moving steam-vehicle." Only as to "railway employes" is this condition inapplicable. The effect of this condition is to wholly exclude from the contract of insurance risks of that kind, except as to railroad employes. That risk the assured voluntarily subjected himself to, being still a banker, and attempting to get upon the train as a passenger. He was not a railway employe. Under this condition, and upon the facts shown, there could be no recovery.

Order affirmed.