## UNION MUTUAL ACCIDENT ASSOCIATION
### v.
### MINNA FROHARD.

*Insurance—Mutual Accident Companies—Certificate of Membership—Conditions—Construction of—Breach—Death While Hunting—Burden of Proof—Decree.*

Union  Mut.  Accident Ass'n v. Frohard.

1.   The act of hunting does not amount to the occupation of hunting.

2.   A classification of hazards of an insurance company confined exclusively to occupations, does not cover isolated acts.

3.   A policy of insurance must be construed liberally in favor of the assured.

4.   The burden of proof is upon a mutual insurance company to show in case of loss that an assessment would not realize the amount at risk.   The presumption is to the contrary.

5.   It is proper to require payment in full where an association refuses to levy an assessment upon the untenable ground that it is liable only for a portion of the sum named.

6.   That portion of a decree directing payment by the officers of such company, no officer thereof being a party to the suit, is nugatory and can not be complained of.

[Opinion filed May 29, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding.

Messrs. John M. Hamilton and Charles C. Gilbert, for appellant.

Messrs. Hamline & Scott, for appellee.

The by-laws could not be changed to affect the amount payable in case of death.   Northwestern Benefit and Mutual Aid Association v. Wanner, 24 Ill. App. 360; Morrison v. Wisconsin Odd Fellows, etc., 59 Wis. 162; Becker v. Farmers' Mutual, etc., 48 Mich. 610.

Engaging in an act which is, or may be at times, engaged in by men of any occupation or profession, is not changing occupation within the meaning of the contract.   Administrators of Stone v. United States Casualty Co., 34 N. J. 371; The North American Life Accident Co. v. Burroughs, 69 Pa. St. 43; Miller et al. v. Travelers Insurance Co., 40 N. W. Rep. 839.

To make effective a provision of the certificate limiting the amount to be paid in case the insured should be killed while engaged in any *act* classed as more hazardous than that in which he was insured, the association should have made a classification of acts, which it did not do.   Payment, as pro-

vided by both by-laws and certificate, was to be according to the rate of the *occupation* in which the member was engaged. The word *act* was not used in that connection. The contract will be construed most strongly against the association. North Western Benefit and Mutual Aid Ass'n v. Wanner, *supra;* Administrators of Stone v. U. S. Casualty Co., *supra;* District Grand Lodge v. Cohn, 20 Ill. App. 335.

The printed "manual" offered in evidence by appellant, contains the association's own interpretation of this clause of its contract, which agrees with that contended for by us. The manual may properly be considered in construing the contract. May on Insurance, Sec. 356; Ruse v. The Mutual Life Ins. Co., 24 N. Y. 654; Wheelton v. Hardisty, 92 Eng. C. L. 231; Brooklyn Life Ins. Co. v. Dutcher, 95 U. S. 269.

It having been stipulated that the number of members liable to contribute was more than sufficient to make up the full amount of $5,000 by payment of one regular assessment, if members would all pay, the court properly decreed that the full sum be paid. Suppiger v. Covenant Mutual Benefit Co., 20 Ill. App. 599.

In absence of proof as to amount to be realized by one assessment, in view of the failure to levy the assessment, and of defendant's ability to show what would have been realized from such assessments, and the plaintiff's inability to do so, it will be presumed that the assessment would have realized full amount. O'Brien v. Home Ben. Society, 46 Hun, 429; Kansas Protective Union v. Whitt, 36 Kan. 761; North Western Benevolent and Mutual Aid Ass'n of Illinois v. Wanner, 24 Ill. App. 357; Elkhart Mutual Aid, etc., Ass'n v. Houghton, 2 N. E. Rep. 763; Leuder's Ex'rs v. Hartford Life and Annuity Co., 12 Fed. Rep. 465; Excelsior Mutual Aid Ass'n v. Riddle, 91 Ind. 84; Neskern v. N. W. Endowment & Legacy Ass'n, 30 Minn. 406; Freeman v. National Benefit Society, 42 Hun, 252; Earnshaw v. Sun Mutual Aid Ass'n (Md.), 12 Atl. Rep. 884.

The decree against the association for the deficiency was proper. Earnshaw v. Sun Mutual Aid Ass'n, 12 Atl. Rep. 884; Swett v. Citizens Mutual Aid Ass'n, 78 Me. 541; O'Brien

v. Home Benefit Society, 46 Hun, 426; Covenant Mutual Benefit Association v. Sears, 114 Ill. 108.

Association failing to levy an assessment is a wrongdoer, and can not take advantage of its own wrong by asserting that members might not have paid.    Freeman v. National Benefit Society, 42 Hun, 252; Birnbaum v. Passenger Conductors, etc., 15 Weekly Notes of Cases (Pa.), 518.

Joining in the decree with the association "its proper officers" was not error, but had it been, appellant not being injured thereby, can not take advantage of such error.    Hannas v. Hannas, 110 Ill. 53; Brown v. Miner, 21 Ill. App. 60.

GARNETT, P. J.    Appellant is a corporation organized under the law of this State, for the purposes of carrying on the accident insurance business.    It insures its members against death or disability from external, violent and accidental causes only.

On the first day of September, 1885, John Frohard was accepted as a member of the association, and on that date a certificate or policy of insurance was issued to him.    In this certificate it is provided "that John Frohard, by occupation, profession or employment, a merchant, residing at Sparta, State of Illinois, is accepted as a member in division 'A' of said association, subject to all the requirements, and entitled to all the benefits thereof, as provided in the by-laws, and that said member, in case of death occurring through external, violent and accidental injuries, is entitled to participate in the mortuary or relief fund of the association, not to exceed the amount of $5,000, which sum, or such part thereof as may be collected for that purpose by the payment of one regular assessment of two dollars ($2) for each member of the association liable at the date of the accident, shall, within sixty (60) days after sufficient proofs have been received, be paid to his wife, Minna, if surviving.    *    *    *    It is expressly stipulated and agreed that in the event of the member being either fatally injured or otherwise disabled while engaged temporarily or otherwise in any act or occupation classed as more hazardous than the one in which he is accepted, according to the classification given by the rates and by-laws of this

association (or if not specifically mentioned, approximating thereto) then an amount shall be paid equal to the rate of the occupation in which the member is engaged when receiving the injury, and such amount shall be payment in full upon the part of the association. * * * It is expressly stipulated and agreed that this certificate is issued and accepted subject to all the provisions, conditions, limitations and exceptions herein contained or referred to."

On January 26, 1887, the insured went hunting with a gun, and while climbing a fence accidentally shot and killed himself. Proofs of death having been made, and the sixty days having elapsed without payment, suit in equity was brought by the beneficiary named in the policy to compel appellant to levy an assessment of $2 for each member of the association liable at the date of the accident, for the purpose of paying the amount specified in the policy, or such part thereof as might be collected on the assessment. There was also a prayer for general relief. The answer alleged that the insured was killed by the discharge of a gun while hunting, and that hunting was an occupation classed by the association as more hazardous than the one in which the insured was accepted as a member of the association, and that by virtue of its by-laws appellee was only entitled to receive $500, which had been tendered. On the hearing the court directed the levy of the assessment and the payment of the amount thereof to complainant, and in case the sum collected should be less than $5,000, the association and its proper officers were decreed to pay complainant the difference between $5,000 and the amount so realized from the assessment. By stipulation of the parties it appears that the number of members liable to assessment at the date of the accident was more than enough to make $5,000 by one assessment, if the members all paid.

The *act* of hunting is not equivalent to the *occupation* of hunting. The case of N. A. Life and Accident Ins. Co. v. Burroughs, 69 Pa. St. 43, furnishes a close analogy on this point. See, also, Stone's Adm'rs v. U. S. Casualty Co., 34 N. J. 375. The classification of hazards in appellant's by-laws is confined to occupations. They do not profess to classify

acts.   Until the act is classed as more hazardous than the occupation in which the insured was accepted as a member, he may engage therein temporarily for exercise or recreation without reducing the amount of risk incurred by the associa- tion.   The terms are made by the company; the by-laws and certificates are framed in language chosen by itself, and it must be presumed to have made all the exceptions to its lia- bility that it deemed desirable.   The court must follow the general rule of construction, and interpret the policy liberally in favor of the insured.   May on Ins., Sec. 175; Stone's Adm'rs v. U. S. Casualty Co., *supra.*

In this case the association refused to make an assessment as it had undertaken to do by its contract with the deceased, and it now says that the decree should not have ordered pay- ment of the full sum of $5,000, because it is uncertain what amount can be realized from the assessment.   But to whose fault is the uncertainty chargeable?   The appellee could not make the assessment, and appellant wrongfully refused to make it, and fails entirely to make any showing by pleading or proof as to the amount that can be collected from the mem- bers liable at the date of the accident.   If this contention of appellant is sustained, the value of the policy in question might now be greatly diminished, on account of inability to collect from those liable to assessment when the death hap- pened.   If any such change has taken place, it is not just that the loss should fall upon appellee, when appellant alone is to blame.   Newman v. Cov. Ben. Ass'n, 40 N. W. Rep. 91, 92.

The authorities say that the burden is on appellant to prove that an assessment would not realize the full sum insured. Until proof on that point is made, the stipulation showing enough members to raise the $5,000, the presumption is that the entire amount of the insurance could be collected. Northwestern B. & M. A. Ass'n v. Warner, 24 Ill. App. 363; Neskern v. N. W. E. & L. Ass'n, 30 Minn. 406; Elkhart Mut. Aid Ass'n v. Houghton, 103 Ind. 286; Kansas Pro- tective Union v. Whitt, 36 Kans. 760; Freeman v. Nat. Ben. Soc., 42 Hun, 252; Lueder's Ex'rs v. Hartford L. & A.

Ins. Co., 12 Fed. Rep. 465; Cov. Mu. Ben. Ass'n v. Hoffman, 110 Ill. 603.

If appellant had diligently proceeded in the execution of its contract by levying an assessment and making all reasonable efforts to collect the same, a different case would be presented; but as it has denied its liability for any sum over $500, and wilfully refuses to perform its contract, it is only right that it should be required to pay any deficiency arising from failure to collect the assessment.

That part of the decree directing payment of the deficiency by the proper officers of the association is nugatory (no officer thereof being a party to this suit), and is no ground for assignment of error.    The decree is affirmed.

*Decree affirmed.*