## TRAVELLERS PREFERRED ACCIDENT ASSOCIATION

### v.

### JAMES NEWELL KELSEY.

*Accident Insurance—Conditions in Policy—Breach.*

1. The rule that "the words of an instrument shall be taken most strongly against the party employing them" is constantly applied against insurers.

2. An "Agriculture Sup't" does not change his occupation in view of a clause in an accident insurance policy, providing that no recovery may be had in case of injury received in a more hazardous employment engaged in without notice, by acting temporarily as superintendent of police at a state fair.

[Opinion filed November 15, 1892.]

APPEAL from Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. LOUIS SHISSLER, for appellant.

Mr. W. A. FOSTER, for appellee.

MR. JUSTICE GARY. The appellee was insured by the appellant against accident. The whole case depends upon

the construction of two clauses in the application made by the appellee for the policy. They are:

"6. Occupation, agriculture sup't, not working machinery. The duties required of me in that occupation are supervision of farm.

9. Are you aware that you will not be entitled to indemnity for injuries sustained in any employment more hazardous than that under which you are insured, unless a notification of said change is sent to the secretary in writing? Yes.

(Signed)    JAMES NEWELL KELSEY."

The case was tried by the court without a jury, and the facts which the evidence tended to prove and justified the court to find are, that clause 6 was true when signed; that in Michigan there is an annual State Fair, which, including the work of preparation and closing up, lasts about four or five days each year; that for several years the appellee had been one of the assistant marshals at the fair, without other compensation than the payment of his expenses; that in 1889, when he was injured, he was in name "superintendent of police," wearing a badge and bearing that title, and having his office at a building on the fair grounds called "police headquarters,' but having no authority derived from the State; that a "Wild West Show Cowboy," who exhibited by shooting glass balls with bird shot, had by accident or carelessness shot some people, was arrested and brought before the city marshal at "police headquarters;" that nearly half an hour afterward the appellee came in; that in showing how that happened the "lunatic," as the court below called him, by another accident or more carelessness, shot the appellee in the leg, and as a result amputation followed.

Now the question is, whether the appellee was engaged in an "employment" when he was injured, other than such as is specified in clause 6.

The rule that "the words of an instrument shall be taken most strongly against the party employing them" (Broom Leg. Max. 594), is constantly applied against insurers. 11

Am. & Eng. Encyc. of Law, 286; Union Mut. Acc. Ass'n v. Frohard, 33 Ill. App. 178; Healey v. Mut. Acc. Ass'n, 133 Ill. 556.

The synonyms of "employment" given by Webster are, "work; business; occupation; vocation; calling; office; service; commission; trade; profession." The word is susceptible of being used and generally is used, in a sense which would exclude an application of it to this temporary attendance at a State Fair in any capacity. The occupation and vocation of the appellee remained unchanged.

The judgment is affirmed.

*Judgment affirmed.*