THE WILDEY CASUALTY COMPANY v. DAVID A. SHEPPARD.

No. 11,405. (59 Pac. 651.)

1. ACCIDENT INSURANCE—*Injury while Hunting.* One insured as against accident as a barber and restaurant keeper was accidently shot and injured while hunting rabbits, but it appeared that hunting was only an incident to his daily life. *Held*, that the matter of hunting is not to be regarded as an occupation, and is not to be used as a basis of classification in determining the amount of indemnity payable to the insured.

2. ———— *Company Estopped by Offer to Compromise.* An offer by the insurance company of a sum smaller than that claimed by the insured, and an averment of the same in the answer of the insurance company, waived the defense that the insured was not entitled to anything because the injury resulted from exposure to unnecessary danger.

3. ———— *Proofs—Case Followed.* In the matter of the reception of incomplete proofs of injury, and the request for further information from the insured by the insurance company, the decision of the case of *Insurance Co. v. Davis*, 59 Kan. 521, 53 Pac. 856, is followed.

4. ———— *Misstatement by Physician.* A slight misstatement as to the cause of the injury, mistakenly made to the insurance company in behalf of the insured by the physician who attended him, will not prevent the insured from showing the actual facts.

Error from Sedgwick district court; D. M. DALE, judge.   Opinion filed January 6, 1900.   Affirmed.

*Bentley & Hatfield,* for plaintiff in error.

*Stanley, Vermilion & Evans,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action by David A. Sheppard to recover from the Wildey Casualty Company upon a contract of insurance which, among other things, provided that the company would pay Sheppard weekly indemnity in case of a disabling accident, and would also pay him $2500 for the loss of a hand above the wrist, as the result of an accident during the life of the policy.   His left hand was torn off by the accidental discharge of a gun on May 27, 1897, while he was hunting rabbits in his orchard, and the company having refused payment of his claim, the present proceeding was begun.   The trial resulted in a verdict in favor of Sheppard for $2618.75.

The company complains, and states that Sheppard misstated his business, failed to comply with the con-

ditions of the insurance contract with respect to the giving of notice and furnishing proof of the injury, and that he voluntarily exposed himself to unnecessary danger, but counsel do not satisfactorily point us to any particular part of the record where error may be seen, nor do they sufficiently indicate particular rulings as a basis for the assigned errors.

In respect to the claim that the insured misstated his business, it may be said, first, that no such averment was contained in the answer of the company, but it did allege that he was engaged in a business — hunting rabbits — more hazardous than that in which he was insured, and that in no event was he entitled to more than $375. Sheppard was insured as a barber and restaurant keeper, and it is contended that he was injured while following the occupation of a hunter, which is classed as more hazardous than the occupation in which he was insured. He was not engaged in hunting for hire or profit, but it was an individual act, only an incident to his daily life, and is not to be regarded as an occupation nor as furnishing a basis of classification. In *Holiday v. American Mut. Acci. Asso.*, 103 Iowa, 178, 72 N. W. 448, one insured as a bookkeeper against accident by a policy classing as more hazardous the occupation of hunting, and providing that, if injury occurred while performing an act pertaining to another occupation classed as more hazardous than the one under which the policy was issued, or while engaged in a more hazardous occupation, the insured should be entitled to only such indemnity as the premiums paid would purchase in the class in which such occupation was classed, was shot by the discharge of a gun while he was hunting for recreation, and it was held that within the meaning of the policy he was not engaged in the occupation of

23—61 KAN.

hunting when the injury occurred, so that the liability of the defendant could be lessened for that cause. In *Union Mutual Accident Ass. v. Frohard*, 134 Ill. 228, 25 N. E. 642, 10 L. R. A. 383, which involved a like question, it was said :

"The word 'occupation' . . . must be held to have reference to the vocation, profession, trade or calling which the assured is engaged in for hire or for profit, and not as precluding him from the performance of acts and duties which are simply incidents connected with the daily life of men in any or all occupations, or from engaging in mere acts of exercise, diversion or recreation." (See, also, *Insurance Co. v. Franklin*, 43 S. W. '[Ky.] 709 ; *Miller v. Travelers' Ins. Co.*, 39 Minn. 550, 40 N. W. 839.)

There is the further contention that the notice and proofs of loss were not made and forwarded in good time, nor in compliance with the terms of the contract. Notice and proofs of injury which were not formal or complete were forwarded in sufficient time, and these were received and retained by the company ; but further and formal notice upon blanks furnished, were requested. The additional proofs were furnished in accordance with the request, and the company appears to have treated the contract as being in force, and is therefore deemed to have waived the defense as to the defects in the notice. (*Insurance Co. v. Davis*, 59 Kan. 523, 53 Pac. 856, and cases cited.) In respect to the proofs, there is this further consideration that one of the conditions of the policy is that "failure to furnish the company proof of disability within thirty days after the termination of the same will invalidate all claim under this contract." This provision requires the proofs to be furnished within thirty days after the termination of the disability, and not within thirty days of the injury. The disability

in this case had not terminated when final and formal proofs were made, to which no exception could be taken.

The contention that Sheppard voluntarily exposed himself to unnecessary danger and is therefore not entitled to recover, as well as some claims of a general nature which go to the right to recover anything, are not available to the company. In its answer it alleged that, after investigation by an agent and adjuster of the company, an offer was made to the plaintiff as a payment of his claim. The offer, with the averment of the same in the pleading, practically acknowledges a right of recovery in Sheppard, and leaves open for consideration only the question of the amount for which the company is liable. The ordinary use of a gun while hunting can hardly be regarded as a voluntary exposure to unnecessary danger, and as to whether there was such exposure in this particular instance was submitted to the jury and has been determined against the claim of the company.

The claim that there was a misstatement in the proofs of the injury is based on the fact that the doctor who attended Sheppard and made the claim for him stated as the cause of the injury that Sheppard placed the gun on the ground, butt down, and that it was discharged, taking effect in his left wrist, while it appeared on the trial that the cause of the accident was that Sheppard stepped into a hollow place in the ground, causing the gun to slip through his hands so that it struck the ground and was discharged. There is testimony to the effect that he called the attention of the doctor to the fact that the proof made out was incorrect in that particular, and that the doctor agreed to correct it, but by some oversight failed to do so. The inaccuracy seems to us to be rather immaterial,

but in any event, it having been made by mistake, the insured is not prevented from showing the actual facts. We find nothing substantial in the objections to the rulings on the reception of evidence or in charging the jury.

The judgment will be affirmed.