STEVENS, Respondent, vs. MODERN WOODMEN OF AMERICA, Appellant.

*February 28—March 20, 1906.*

*Benefit insurance: Prohibited occupation: "Saloon bartender:" Forfeiture of insurance.*

1. One who was not employed or paid compensation as a bartender is not a "saloon bartender" within the calls of a prohibition in that respect in a benefit insurance certificate, although while engaged in his duties as chore boy in a restaurant and saloon

he occasionally waited upon customers as an accommodation to his employer.

2. Engaging in an employment or occupation prohibited by the conditions of a contract with a benefit society has reference to the vocation or calling to which the insured devotes himself with some degree of permanency. for hire or profit, and does not refer to acts which are simply incidentally connected with a regular employment.

APPEAL from a judgment of the circuit court for Juneau county: J. J. FRUIT, Circuit Judge. *Affirmed.*

This is an action to recover on a policy of life insurance issued on the 7th day of August, 1894. Bertie Stevens, upon whose life the policy was issued, died April 28, 1904. The evidence showed that the insured, from the 20th day of January, 1904, until two days before his death, worked for his board and lodging for one Henry Miner, the proprietor of a restaurant. The owner of the restaurant also conducted a saloon business in an adjoining building. The deceased, according to the testimony at the trial, had been engaged as a chore boy, his work being to milk cows, split wood, and bring in water. Later he was engaged to do work in the saloon; to clean and put the place in proper order after the day's business, and to attend to the cleaning of the spittoons, the floor, and the bar. When the proprietor was busy about the saloon the deceased occasionally waited upon customers; he also did this at times in the absence of the owner. He was so engaged for periods of about half an hour, sometimes for a couple of days in succession, then again he would not so act for four or five days. He was not regularly engaged and employed to do this. Defendant claims exemption from liability under the following by-laws of the defendant society, which by the provisions of the benefit certificate were applicable to the insured:

"Division I.

"Sec. A. Persons, to become members, must be white males over eighteen and under forty-five years of age, of sound bodily health and mind, of exemplary habits, good moral charac-

ter, and engaged in an honorable and lawful business or vocation. Persons engaged in the following kinds of business or employment shall not be admitted as members of this fraternity: Railway brakeman, railway engineer, fireman, and switchman, miner, employee in gunpowder factory, wholesaler or manufacturer of liquors, saloonkeeper, saloon bartender, balloonist, sailor on the lakes or seas, plowgrinder and brassworker, professional baseball player, and professional fireman, or soldier in the regular army. If, after a person has become a member of this fraternity, he engages in any of the employments or occupations enumerated in section A, division I, of the fundamental laws, his certificate shall be forfeited by such act, and the same shall be null and void. Provided, however, that a neighbor may, after becoming such member, without invalidating his certificate, be employed as railway brakeman, engineer, fireman, or switchman, miner, plowgrinder, brassworker, professional baseball player, professional fireman, or employed in a gunpowder factory, or on the lakes or seas, or as a soldier in the regular army while in active service, if he shall, before entering upon any of the above-mentioned occupations, file with the head clerk a written waiver of any liability of this order on his benefit certificate founded upon the death of such neighbor, either as the result of accident occurring in, or disease directly traceable to, his employment in such prohibited occupation. Such waiver, if not filed before the member's entrance upon such prohibited occupation, shall have the same effect if filed at any time during his continuance of such employment, if accompanied by a certificate of sound bodily health. But this section shall not be construed as invalidating certificates issued prior to December 1, 1888."

"Sec. 12. *Membership forfeited by engaging in liquor business or upon conviction of felony.* Should any person who now is or who shall hereafter become a member of this society, hereafter enter upon the manufacture or sale of malt, spirituous, or vinous liquors to be used as a beverage, in the capacity of proprietor, stockholder, agent, or servant, or be convicted of a felony after being adopted into this society, he shall, *ipso facto,* forfeit all rights as a member of this society, either social or beneficial, and his certificate shall thereby become absolutely null and void, without any action on the part of his local camp, the head camp, or of this society, or of any of the

officers thereof; and the payment by him of any dues or assessments thereafter made, or the acceptance thereof by the officers of his local camp, or of the head camp, or of this society, shall not have the effect of waiving such forfeiture, or reinstating such certificate holder to any rights, benefits, or privileges as a member of the society."

The court directed the following special verdict:

"(1) Did the decedent, Stevens, work for Henry Miner at Pelican Lake, Wisconsin, from January 20, 1904, to two days prior to his death, which occurred the 28th day of April, 1904? Answered by the court: Yes. (2) Did said Stevens, in connection with such employment for said Miner and about a month after the beginning thereof, do any daily work or labor in the saloon of said Henry Miner? Answered by the court: Yes. (3) Did the said Stevens during such employment for said Miner sleep in a room directly back of the saloon of said Henry Miner? Answered by the court: Yes. (4) Did the said Stevens, in connection with such employment for said Miner, occasionally wait on guests in such saloon and provide them with spirituous or malt drinks or liquors from behind or over the saloon bar of said Miner? Answered by the court: Yes. (5) For how long a period of time did said Stevens, as a part of his work for said Miner, thus wait on guests with spirituous or malt drinks or liquors from behind or over the bar of said Miner? Answered by the court: One month. (6) Did said Stevens act as bartender for said Henry Miner during the latter's absence? Answered by the court: Yes; occasionally. (7) Did said Stevens help out as bartender occasionally for said Henry Miner? Answered by the court: Yes. (8) Did said Stevens hire out to said Miner as a bartender? Answered by the court: No. (9) Did said Stevens perform any of the ordinary or usual duties of a bartender for said Henry Miner? Answered by the court: Yes; occasionally. (10) Did said Stevens get pay from said Henry Miner as a bartender? Answered by the court: No. . . . (12) How much is the plaintiff entitled to on said insurance contract if the court shall finally determine that the defendant is liable? 'Answered by the court: $2,086.00 (two thousand and eighty-six dollars).

"April 20, 1905.                    F. E. Peck, Foreman."

Judgment was entered in plaintiff's favor for $2,086 and costs. This is an appeal from the judgment.

For the appellant there was a brief by *Benj. D. Smith,* attorney, and *Murphy & Kroncke,* of counsel, and oral argument by *Mr. Smith* and *Mr. George Kroncke.*

*H. J. Mortensen,* for the respondent.

SIEBECKER, J. It is the contention of appellant that the court erred in finding that the deceased was not engaged in the occupation or employment of a "saloon bartender," and that he was not engaged as agent or servant in the sale of malt or spirituous liquors to be used as a beverage. It is claimed that, by violating the fundamental law and the by-laws of the order, the insured forfeited all rights and claims under the benefit certificate whereon plaintiff bases her right to recover. The certificate issued to the insured provided that if he failed to comply with and to conform to any and all of the laws of the order, whether in force when the certificates issued or thereafter adopted, the certificate should be void. It also specified that if any person, after becoming a member of the order, engaged in any of the employments and occupations prohibited by its laws, the certificate issued to him should thereby be forfeited and of no further validity. By the fundamental laws of the order it was enacted that persons engaged in certain classes of business or employment, among which was specified the occupation of "saloon bartender," should not be admitted as members, and provided that engagement by a member in any of these employments or occupations should forfeit his certificate and render it void. The defendant adopted a by-law in 1903 prescribing that if any member should thereafter "enter upon the manufacture or sale of malt, spirituous, or vinous liquors to be used as a beverage, in the capacity of proprietor, stockholder, agent, or servant, . . . he shall, *ipso facto,* forfeit all rights as a member" and his certificate shall become void. Defendant insists that the insured

violated these provisions of its code and thereby forfeited his membership and his rights under the benefit certificate. In support of this contention it is urged that he engaged in the occupation or employment of a "saloon bartender" and as Mr. Miner's servant sold liquors to be used as a beverage. The trial court found' that the insured performed work for Mr. Miner in his restaurant and in his saloon business from January 20, 1904, to April 26th following, and that his death occurred two days thereafter, and that he was not employed as a bartender, but to perform other services in and about the restaurant and saloon. It is shown that while he was so employed in the saloon he waited upon customers, both in the presence and the absence of his employer, who stated that he occasionally requested the deceased to wait upon customers at the bar. The evidence establishes the fact that Mr. Miner did not employ the deceased as a bartender, nor did he pay him any compensation for such services. The extent of the services performed by the deceased in this respect is that, when he was engaged in his employment in the restaurant and saloon, he waited upon customers as an accommodation to his employer at occasional instances. These occasional acts of performing the duties of a saloon bartender and selling liquor to be used as a beverage cannot be treated as being an employment in the prohibited occupation under the defendant's code of laws. Engaging in the employment or occupation prohibited by the conditions of the contract must be held to have reference to the vocation or calling to which an insured devotes himself with some degree of permanency for hire or profit, and it does not refer to acts which are simply incidentally connected with a regular employment. *Hall v. American M. Acc. Asso.* 86 Wis. 518, 57 N. W. 366; *Fox v. Masons' F. Acc. Asso.* 96 Wis. 390, 71 N. W. 363; *Comstock v. Fraternity Acc. Asso.* 116 Wis. 382, 93 N. W. 22; *Stone's Adm'rs v. U. S. C. Co.* 34 N. J. Law, 371; *Guiltinan v. Metropolitan L. Ins. Co.* 69 Vt. 469, 38 Atl. 315; *Union Mut.*

---

---

*Acc. Asso. v. Frohard,* 134 Ill. 228, 25 N. E. 642; *Wildey C. Co. v. Sheppard,* 61 Kan. 351, 59 Pac. 651; 15 Cyc. 1041, and note.

The finding of the trial court is sustained by the evidence, and the judgment was properly rendered awarding recovery on the benefit certificate.

*By the Court.*—Judgment affirmed.

KERWIN, J., took no part.