GREAT EASTERN CASUALTY Co. *v.* PARSONS.

(*Jackson.*   April Term, 1915.)

**EXCEPTIONS, BILL OF.   Insertion of exhibits.   Authentication.**
Papers identified and made exhibits to the respective deposi-
tions by the notary public taking them, need not be identified
or authenticated by a chancellor or trial judge in order to their
incorporation into a bill of exceptions, as this is sufficiently
done by the identifying signature of the notary public incor-
porating them as part of the deposition.

Case cited and approved:   Southern Ins. Co. v. Anderson, 130
Tenn., 482.

FROM SHELBY.

Error to the Circuit Court of Shelby County—A.
B. PITTMAN, Judge.

WILSON & ARMSTRONG, for plaintiff in error.

GREER & GREER, for defendant in error.

MR. JUSTICE WILLIAMS delivered the opinion of the
Court.

The court of civil appeals arrived at a correct result
in this case, but in its opinion was embodied an erro-
neous ruling on a question of practice.

The bill of exceptions preserved in the court of trial,
on appeal to the appellate court, contained a recital

in regard to each deposition that it was read in evidence, followed by the deposition including its exhibits. These exhibits showed that they were identified and made exhibits to the respective depositions by the notary public taking same.

Papers thus exhibited need not be identified or authenticated by a chancellor or trial judge in order to their incorporation into a bill of exceptions. This is sufficiently done by the identifying signature of the notary public incorporating them as parts of the depositions. The trial judge should not be onerated with the duty of going into the detail work of looking up such documents and formally identifying same.

Nothing said by this court in *Southern Insurance Co. v. Anderson,* 130 Tenn., 482, 172 S. W., 318, is subject to a construction that sustains a ruling to the contrary of what we here indicate to be a proper practice.

Writ granted, and after the modification touching the ruling referred to, the judgment of the court of civil appeals is affirmed.