## FEDERAL LIFE INS. CO. v. BAILEY.

(Circuit Court of Appeals, Eighth Circuit. June 1, 1926.)

No. 7187.

**1. Insurance ☞531.**

Where one insured against accident changes his occupation to a more hazardous one, his beneficiary can recover only sum of insurance which premium paid would have bought under rates of insurer covering the more hazardous occupation.

**2. Insurance ☞531—Occasional isolated acts held not change of insured's occupation to more hazardous one.**

Where one insured against accident changed his occupation from clerk in dry goods store

13 F.(2d)—8

to proprietor of furniture and undertaking business which was in same class, unless he had embalming duties, occasional isolated acts of a more hazardous nature *held* not change of occupation to more hazardous class.

**3. Appeal and error ☞1008(2).**

Where jury is waived, findings of fact by court cannot be reviewed, if there is any substantial evidence to uphold them.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Davis, Judge.

Action by Roase M. Bailey against the Federal Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Dulaney Mahan, of Hannibal, Mo. (Mahan, Mahan & Fuller, of Hannibal, Mo., on the brief), for plaintiff in error.

James E. Rieger and Paul D. Higbee, both of Kirksville, Mo. (Higbee & Mills, of Kirksville, Mo., on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and FARIS and PHILLIPS, District Judges.

FARIS, District Judge. Plaintiff in error was sued by defendant in error on a policy of accident insurance; being cast, it brings error in conventional form.

Defendant in error, as beneficiary in the policy in controversy, brought an action at law against plaintiff in error for the sum of $5,000, bottomed upon the death by accident of the insured, who in his lifetime was the husband of defendant in error. The parties will be designated as they were in the trial court.

Plaintiff's decedent took out the policy of accident insurance on the 23d day of January, 1918, and renewed it from time to time till his death occurred on the 1st day of October, 1924. The death of decedent was caused, while motoring for recreation in an automobile, by his being gored by an enraged bull. The case was tried as a jury-waived case before the court, who, as forecast, found for plaintiff in the full sum of the policy.

Defendant conceded its liability to pay the sum of $3,000, but contended that decedent, who was insured in defendant's class A, as a "clerk in a retail dry goods store having counter and office duties only," had, by becoming the owner of a furniture and undertaking business, thus changed his occupation to a more hazardous one and put himself in class C. The policy provided that, in case of change in occupation from

a less hazardous to a more hazardous one, the defendant should be bound to pay only such sum as a benefit as the premium paid by the insured would buy in the class of more hazardous risks to which the decedent had changed.

In the last analysis the only error urged is that bottomed on the refusal by the court to declare the law to be that the finding should be for plaintiff for the sum of $3,000 only. It is true that changes are rung on the point, and it is variously urged; but the only question is whether, under the law as applied to the facts, the judgment should have been for $3,000, instead of $5,000. In fact, plaintiff in error so urges in its brief the above question as the sole question in the case.

[1] There is no serious dispute, or even ground for dispute, about the law. If decedent actually changed his occupation from a less hazardous to a more hazardous one, his beneficiary can recover, under the contract here, only that sum of insurance which the premium actually paid would have bought under the rates of the defendant, which are referred to in the policy. Central Business Men's Ass'n v. Faith (C. C. A.) 8 F.(2d) 325.

[2] The evidence for defendant conclusively shows that a furniture store proprietor and an undertaker both fell into class A, the same class that decedent was insured in, but that an undertaker who embalms takes a higher rating, and falls into class B. However, there is no evidence that decedent ever did any embalming; the whole of the evidence is to the contrary.

Isolated acts of occasionally driving a hearse and a truck, and of putting up an aerial for a radio (seemingly to his own house and thus inferentially for his own use), and of occasionally moving goods, and occasionally helping to unload goods, were shown; but none of these sufficed to change his occupation, which was that of a furniture store proprietor and undertaker without embalming duties, the rates and hazards wherein differed in no respect from those in which he was originally insured. These things were mere acts, as contradistinguished from occupation. Union, etc., Ass'n v. Frohard, 134 Ill. 228, 25 N. E. 642, 10 L. R. A. 383, 23 Am. St. Rep. 664; Stone v. United States Casualty Co., 34 N. J. Law, 375; Miller v. Travelers' Ins. Co., 39 Minn. 548, 40 N. W. 839; L. C. J. 438.

[3] On this latter question there was no dispute whatever. There were some contradictions in the evidence as to how often he had

driven the hearse and truck, and as to how much help he had rendered the drayman in loading and unloading goods; but, even taking the evidence adduced by the defendant on these questions at its full worth, it shows nothing more than occasional, isolated acts, in the doing of none of which was he injured or did he come to his death. Moreover, the case was tried as a jury-waived case, and in such situation the finding of facts by the court cannot be reviewed here, if there was, as there is, substantial evidence to uphold it.

Finding no error sufficient to warrant reversal, the case is, with costs, affirmed.