BRYN MAWR MINING & LAND COMPANY v. MRS. MAUDE HUGHETT.

Eastern Section. ——— —, ——.

E. G. Foster, of Huntsville, and W. T. Kennerly, of Knoxville, for appellant.

J. W. Stone, of Harriman, for appellee.

PORTRUM, J. This is an ejectment suit brought by the complainant to recover 150 acres of land lying in Morgan county, for which it claims a superior title. The defense is a denial of the superior title of the complainant and also a title acquired by adverse possession on behalf of the defendant. The Chancellor dismissed the bill for the following reasons, to-wit:

"That the complainant has not sustained its bill by the proof, for the reason that it has failed to show in itself a perfect chain of title to the land sued for, the court finding and holding that the following deeds offered by the complainant in its chain of title, to-wit: The deed from C. F. G. Bleidorn, et al., to Annie G. Gerding, dated December 6, 1901 (also naming three other deeds), being Exhibits 14 to 18 inclusive to the deposition of complainant's witness, Z. T. Scott, taken March 21, 1923, were each and all executed at and during the time that defendant's predecessor in title was in the actual, open, notorious, adverse possession of the tract of land sued for in complainant's bill, under a deed professing to convey the land in fee, and that each of said deeds are therefore champertous and void in so far as they conflict with the 155 acre tract claimed by the defendant and hereinafter specifically described and said deeds pass no title to the tract of land sued for to the vendees named therein in so far as the land conveyed hereby covers the said 125 acre tract, and that all subsequent conveyances based on said champertous deeds and filed as a part of complainant's chain of title likewise pass no title to the complainants in so far as they conflict with the 155 acres.

"Upon the trial of this cause, the defendants objected to Exhibits 9 to 20 inclusive to the deposition of complainant's witness, Z. T.

Scott, taken March 21, 1923, said exhibits constituting a portion of the complainant's chain of title . . . which exception was by the court in part sustained and the following of said exhibits were excluded as evidence, to-wit:

"Exhibit 14, deed of C. F. G. Bleidorn, et al., to Annie G. Gerding, dated December 6, 1901; Exhibit 15, Lena Hafely, et al. to Annie G. Gerding, dated January 4, 1902; Exhibit 16, deed of Annie G. Gerding, et al., to George W. Chandler, dated January 6, 1902; Exhibit 17, deed of Annie G. Gerding, et al., to Bryn Mawr Mining & Land Company, dated March 21, 1902; Exhibit 18, deed of Bryn Mawr Mining & Land Company to Summit Coal Company, dated June 3, 1906, and said objections as relating to other exhibits above specified were overruled."

It is conceded that these conveyances were links in the chain of title of the complainant, and their exclusion broke the chain and destroyed the evidence of a superior title. This evidence was not preserved and made a part of the record by a bill of exceptions, or in the manner designated by the statute, which makes a formal bill of exceptions unnecessary. They are no part of the record, and cannot be considered by this court for this reason, regardless of the soundness of the ruling of the lower court in excluding them.

Formerly, it was necessary for a party to preserve excluded evidence by a formal bill of exceptions, but since the Act of 1905, Chapter 48, a new and more informal method is provided, and when the Act is complied with, the excluded evidence becomes a part of the record. This Act is codified in Shannon's Code, Section 4836a1, et seq.

"In the trial of causes in the Chancery Court of this State, where exceptions to evidence are either sustained or overruled, it shall not be necessary, upon an appeal of the case, to embody the ruling of the chancellor, the exceptions and the excluded evidence in a bill of exceptions, if the rulings of the chancellor, the exceptions, and the excluded evidence are set out in the body of the deposition and properly authenticated by the chancellor, and the same shall constitute a part of the record, and sustained in lieu of a bill of exceptions.

"4836a2. Where any documents, depositions or exhibits to depositions or any other papers are excluded in part or as a whole, it shall not be necessary on appeal to embody the same, the exceptions thereto and the rulings of the chancellor, in a separate bill of exceptions, where the action of the court on parts or the whole documents, depositions thereto, or other papers, is duly noted thereon by the chancellor, and the same shall constitute a part of the record, as provided in preceding sections; provided, however, these rules shall not apply where the testimony is oral."

See also Gibson's Suits in Chancery, Sections 538 and 1213.

It is necessary that the chancellor identify and authenticate the excluded evidence, and when the statute requiring this has not been

complied with, the evidence is not a part of the record and cannot be considered upon a review of the case.

" 'Upon what principle, then, can a judge make an order that deeds, bonds, notes, depositions, etc., shall become a part of the record and leave it to the clerk to certify them and authenticate them? It is his (judge's) duty to do it himself. Much mischief might result from such practice, and we cannot support it.' " Wynne v. Edwards, 7 Humphreys, 419; Railway & Light Company v. Martin, 117 Tennessee, 704, 99 S. W., 367.

From the foregoing authority, it is evident that nothing contained in the decree can relieve the court of the duty to comply with the statute strictly by authenticating and identifying the excluded evidence. With this evidence excluded, the complainant cannot make out a perfect chain of title under any theory, and it results that this case must fail.

For the foregoing reasons, the judgment of the lower court is affirmed, with costs.

## OPINION ON PETITION TO REHEAR.

The appellant has filed a petition to rehear and assigns as error the action of the court in declining to consider certain exhibits to the testimony of Z. T. Scott for the reason that they were not preserved as evidence by a formal bill of exceptions nor by the method provided by the statute codified in Shannon's Code, Section 4836A1 and 2. The absence of this evidence makes a break in the appellant's title and it fails to connect and show a perfect title. The petitioner prefaces its remarks with a complaint that the court, of its own motion, struck this evidence. The matter was called to the attention of the court when the appellant objected to the evidence insisted upon by the appellee. It was insisted that her evidence was not preserved in the manner provided by statute. The court was of the opinion that this contention was well founded. This evidence pertained to the possession of the land in question. For this reason the court hesitated to reject the appellee's testimony and decide the case upon the appellant's testimony when it was found to be in the same state. Such a procedure may have brought about an injustice and the appellant thereby profited by its failure to preserve the evidence heard in the case below. For this reason, the court did, of its own motion, examine the testimony of the appellant to see if it was before the court. Appellant's position is stated as follows:

"Appellants respectfully insists that this was error, and further insists that under the present statutes of Tennessee it is not necessary to preserve such evidence thus excluded either by formal bill of exceptions or by having the same otherwise identified than was done in the final decree of this case."

The final decree reads:

"In preparing the transcript for the appeal herein granted, the clerk will copy therein all evidence and all exhibits to which exceptions were made and sustained on the trial, in order that the same may be preserved as a part of the record, and the appellate court thus be allowed to consider the admissibility of this excluded evidence."

If the appellant's position is right and this formal method prevails and was not changed by the Acts of 1905, then it is difficult to see the usefulness of the Acts of 1905.

However, we have reconsidered our former holding, re-read the authorities, and concur in our original opinion. We think the authorities support the following propositions of law:

Evidence excluded by a court of original jurisdiction can be preserved only in one of three ways: 1. By a bill of exceptions. 2. By spreading the excluded paper, or setting out the excluded testimony, together with the exceptions and rulings of the trial court upon the minutes of the court. (Reference to a document, in an entry signed by the trial court, is not sufficient.) 3. By complying with Chapter 49, Acts of 1905, Shannon's Code, Section 4836A1 and 2. Wynne v. Edwards, 7 Humphrey, 419; Jones v. Stockton, 74 Tenn. (6 Lee), 134; Nance v. Chesney, 101 Tenn., 469, 147 S. W., 690; Railway & Light Co. v. Martin, 117 Tenn., 704, 99 S. W., 367.

The case of Casualty Company v. Parson, 132 Tenn., 217, 177 S. W., 937, does not overrule or modify the aforementioned authorities. In the Casualty Company case, the question was one of identification and not one of authentication. The decree recited a certain deposition had been read. This deposition, together with its exhibits, were incorporated in the bill of exceptions and, of course, the bill of exception authenticated the exhibits. The evidence was preserved by a bill of exceptions but the parties were attempting to strike it out of the bill because the clerk identified it as a part of the deposition without the signature of the trial judge thereon. The court held that the officer who took the deposition identified it by his certificate and signature on the designated exhibit. The parties were trying to strike out evidence that was preserved by the bill of exceptions. This case presents a different question entirely.

The motion to rehear is denied.

Snodgrass and Thompson, JJ., concur.